ALWILDA S. DAVIS *vs.* LUTHER O. POLAND.

Knox.   Opinion December 4, 1906.

*Trespass Quare Clausum.   Tenant in common can maintain such action against co-tenant, when.   Damages.*

It is a general rule of law that a tenant in common cannot maintain an action of trespass quare clausum against his co-tenant. But to this general rule there are exceptions, and it is well settled in this State that where the acts of a tenant in common amount to a destruction of the common property or effect a practical destruction of the interest of his co-tenant therein, the injured owner has a right of action, and under such circumstances trespass quare clausum is the proper remedy.

The plaintiff was an owner in common of certain premises and in possession of the same. The defendant, her co-tenant, entered the premises and removed from the dwelling house on said premises certain doors and windows, without the consent of the plaintiff. In the absence of any circumstances indicating that this act of the defendant was done in good faith as for the purpose of making repairs, it must be held that the removal of the doors and windows by the defendant constituted such a destruction of the common property as would make the defendant a trespasser.

But the damages awarded to the plaintiff in this case are held to be excessive. There is little or no evidence of injuries beyond that occasioned to the dwelling house by the removal of doors and windows. These could have been replaced in a few days at comparatively small cost. The jury must have considered, in estimating the damages, the actual suffering of the plaintiff, who seems to have voluntarily assumed the discomfort of living in the house for several weeks before attempting to make the necessary repairs. She is not entitled to recover for damages which she might have avoided by reasonable diligence. Therefore unless the plaintiff remits all of the verdict in excess of one hundred dollars the motion for a new trial will be sustained.

See *Davis* v. *Poland*, 99 Maine, 345.

On motion and exceptions by defendant.   Exceptions overruled. Motion sustained unless remittitur made within thirty days.

Action of trespass quare clausum. The declaration in the plaintiff's writ is as follows:

"In a plea of trespass, for that on the eighth day of March, A. D. 1904, said defendant with force and arms broke and entered the

dwelling house of the plaintiff, situate in Cushing aforesaid, on land bounded and described as follows, viz:— Northerly by land formerly owned by James Smith and land of Francis Bradford; easterly by Maple Juice Pond; southerly by land of Almond Condon, and westerly by Friendship River, and then and there and thereby greatly disturbed and put in fear the plaintiff in the quiet possession of the said premises and dwelling house and then and there with great noise and violence broke into said dwelling house, and broke down the doors and split the window stops thereof and unhung the said doors and then and there broke the finish and took out eleven of the windows thereof, and took and carried the same away, and did then and there tear down the lace and other curtains and goods connected therewith and trampled the same under his feet, and then and there broke, damaged and spoiled other goods and furniture therein and did then and there threaten and put in great fear the plaintiff.

"Whereby and by reason of taking down the doors and tearing out of the windows as aforesaid and carrying the same away the plaintiff has been ever since subjected to great indignity and fear and been exposed to and endured great suffering from cold and exposure and whereby and by reason whereof she has been made sick and her health greatly injured and otherwise shocked and injured to the damage of the plaintiff (as she says) the sum of one thousand dollars."

Plea, the general issue with the following brief statement :

"And for brief statement of special matter of defense to be used under the general issue pleaded, the said defendant further says, that at the time the said acts of trespass charged against him in plaintiff's writ, he was and ever since has been the sole owner in fee of the premises therein described, and his entry upon said premises and all acts committed by him were by force and virtue of said ownership, and that the possession by said plaintiff was unlawful and in violation of his said ownership of the same ; and this the defendant is ready to verify."

The case was first tried at the April term, 1904, of the Supreme Judicial Court, Knox County. Verdict for plaintiff. This verdict, was set aside by the Law Court. See *Davis* v. *Poland,* 99 Maine

345.   At the time of the second trial, the defendant was allowed to amend his brief statement by adding the following thereto:

"And that such acts as he did there the defendant had a right to do as the owner in any event of an interest in fee in said premises."

The case was again tried at the April term, 1905 of said Supreme Judicial Court.   At the conclusion of the testimony the presiding Justice instructed the jury that trespass quare clausum was the proper form of action and upon the evidence directed a verdict for the plaintiff.   Thereupon the jury returned a verdict for the plaintiff for $317.12.

The defendant excepted to the aforesaid rulings and directions, and also filed a motion for a new trial.

The case appears in the opinion.

*D. N. Mortland,* for plaintiff.

*Frank B. Miller and Arthur S. Littlefield,* for defendant.

SITTING:  EMERY, WHITEHOUSE, POWERS, PEABODY, SPEAR, JJ.

PEABODY, J.   This is an action of trespass quare clausum, and comes before the Law Court upon motion of the defendant for a new trial, and exceptions to the charge of the presiding Justice directing a verdict for the plaintiff.

The plaintiff was in possession and occupation of a dwelling house claming as owner of two-thirds in common.   The defendant, admitted to be the owner of one-third in common, and claiming title to the whole, entered and removed certain of the doors and windows, for the evident purpose of rendering the house untenantable, and thus compelling the plaintiff to vacate.   The plaintiff remained in occupation of the premises, and brought this action to recover damages, for injury to the freehold and to her other property, and for her own physical discomfort resulting from the acts of the defendant.

The presiding Justice, finding that the evidence conclusively established the plaintiff's title to two-thirds in common of the premises, and that the defendant's acts were of such a character that they amounted to trespass as against his co-tenant, directed a verdict for the plaintiff.

Two questions are raised by both motion and exceptions: Whether trespass quare clausum can be maintained by one tenant in common against another for such injuries to the freehold as are shown in this case, and whether ownership in common existed between the parties to this action. It is a general rule of law that a tenant in common cannot maintain an action of trespass quare clausum against his co-tenant. *Porter* v. *Hooper,* 13 Maine, 25; *Maddox* v. *Goddard,* 15 Maine, 218; *Symonds* v. *Harris,* 51 Maine, 14. But to this general rule there are exceptions, and it is well settled in this State that where the acts of a tenant in common amount to a destruction of the common property or effect a practical destruction of the interest of his co-tenant therein, the injured owner has a right of action, and under these circumstances trespass quare clausum is the proper remedy. *Symonds* v. *Harris,* supra; *Blanchard* v. *Baker,* 8 Maine, 270. Assuming that the plaintiff was an owner in common and in possession of the premises, the removal of the doors and windows, without her consent, in the absence of any circumstance indicating that the act was done in good faith as for the purpose of making repairs, must be held to constitute such a destruction of the common property as would make the defendant a trespasser. But the defendant claimed in justification of his acts, that the plaintiff had lost title to her two-thirds share by the foreclosure of a mortgage given by her to secure the performance of a bond for the support and burial of her father, Edward Crouse. The evidence was not sufficient to show a breach of the conditions of this bond, and therefore the foreclosure of the mortgage was not effective to divest the plaintiff of her title, and the defendant, succeeding by purchase to the rights of the mortgagee, acquired no title thereby. *Davis* v. *Poland,* 99 Maine, 345. The presiding Justice was accordingly right in directing a verdict for the plaintiff.

The motion raises the further question whether the damages are excessive. The jury were correctly instructed by the presiding Justice that they should allow the plaintiff two-thirds the value of the windows and doors removed, and two-thirds of any other damages done to the house; also whatever injuries were done to her furniture, and something for what pain and suffering she sustained; but that

in estimating this element of damages they were to allow only for a reasonable time required for making the repairs to the house.    There is little or no evidence of injuries beyond that occasioned to the dwelling house by the removal of doors and windows.    These, without doubt, could have been replaced within a few days, and at comparatively small cost.    The jury must have considered, as bearing upon the question of damages, the actual suffering of the plaintiff, who seems to have voluntarily assumed the discomfort of living in the house for several weeks in the early spring before attempting to make the necessary repairs.    She is not entitled, and the presiding Justice so instructed the jury, to recover for damages which she might have avoided by reasonable diligence.    *Fitzpatrick* v. *B. & M. Railroad,* 84 Maine, 33 ; *Grindle* v. *Eastern Express Co.,* 67 Maine, 317; *Miller* v. *Mariner's Church,* 7 Maine, 51 ; 8 Am. & Eng. Encyc. Law, 605 ; 13 Cyc. 71, 78.

> *The verdict in excess of one hundred dollars may be remitted within thirty days after the certificate of this decision is filed ;   otherwise the entry will be, Motion sustained.*
>
> *Exceptions overruled.*