**Dorothy C. MILLIKEN**

v.

**FIRST NATIONAL BANK OF PITTSFIELD.**

Supreme Judicial Court of Maine.

May 15, 1972.

Marden, Dubord, Bernier & Chandler, by Albert L. Bernier, Waterville, Wakine G. Tanous, East Millinocket, for plaintiff.

Lloyd Stitham, Pittsfield, Eames & Eames, by Donald E. Eames, Skowhegan, for defendant.

Before DUFRESNE, C. J., and WEBBER, WEATHERBEE, POMEROY, WERNICK, and ARCHIBALD, JJ.

WEATHERBEE, Justice.

The sole issue in this case is whether the language contained in two stock certificates created a joint tenancy as provided by 33 M.R.S.A. § 901.

The two certificates read:

"This Certifies that Lancey G. Milliken & on his decease Dorothy C. Milliken if she survives him is the owner of —Eighty-four—Shares . . ."

Lancey G. Milliken died on September 7, 1969 and the Defendant bank was appoint-

ed executor of his estate. The Plaintiff, Dorothy C. Milliken, is the widow of the deceased and contends that the above quoted language indicates an intention on the part of Lancey Milliken that the certificates be held with the right of survivorship and that such language resulted in a statutory joint tenancy.

33 M.R.S.A. § 901 provides:

"Certificates of stock in corporations, corporate bonds, corporate debentures and other corporate securities, not including shares in building and loan associations, record title to *which is held in the name of 2 or more persons* as joint tenants or under language indicating the intention that said property be held with the right of survivorship, shall be deemed to be held in an estate in joint tenancy with all the attributes and incidents of estates in joint tenancy created or existing at common law, and shall be deemed to be so held even though said property may have been transferred directly by a person to himself jointly with another or other persons." (Emphasis added.)

The Plaintiff appeals from a Single Justice's decision that the transactions involved in this case did not create a joint tenancy in the stock. The Justice below found that since 33 M.R.S.A. § 901 contemplated joint ownership during the lifetime of the donor and the donee and that since Lancey G. Milliken retained sole ownership and possession of the stock during his lifetime, there was an attempted unlawful testamentary disposition of the stock and no joint tenancy was created.

We agree with the Court below and deny the appeal.

At common law, a joint tenancy could be created only if the four essential unities of time, title, interest, and posses-

sion were present. Garland, Appellant, 126 Me. 84, 136 A. 459 (1927); Reid v. Cromwell, 134 Me. 186, 183 A. 758 (1938); Strout, Admr. v. Burgess, 144 Me. 263, 68 A.2d 241 (1949). That is, each tenant must have received the same interest, at the same time, conveyed by the same instrument giving each owner the right to full possession of the same property.

In *Strout,* this Court decided that a conveyance by one party to himself and another of personal property did not create a joint tenancy. There, corporate stock certificates belonging to Charles T. Burgess were transferred by him to "Charles T. Burgess and Charles M. Burgess as joint tenants with right of survivorship and not as tenants in common." The Court held that the attempted transfer of the stocks lacked the essential unities of time and title and therefore failed to create a joint tenancy.

"In the attempted transfer of the various stocks from Charles T. Burgess to himself and Charles M. Burgess, to hold as joint tenants with right of survivorship and not as tenants in common, two of the necessary unities were lacking. At common law a man cannot make a conveyance to himself. Such action on his part is nugatory and if attempted he still holds under his original title. It follows therefore that after an attempted transfer from one to himself and another the transferor still holds under his original title which accrued to him at the time of his original acquisition of the property, be the same real or personal." Strout, Admr. v. Burgess, supra at 269, 68 A.2d at 247.

Aware of the harshness of the common law requirements, the Legislature, seemingly as a direct result of the Court's language in *Strout* pertaining to corporate securities, enacted 33 M.R.S.A. § 901.[1]

1. The Court in *Strout* recognized the fact that Massachusetts and other jurisdictions had, by statute, removed the necessity for all four unities in a transfer of personal property by the owner to himself and another as joint tenants and presented the Maine Legislature with the opportunity to do likewise. "If the law with relation

■ It is understood that 33 M.R.S.A. § 901 has removed the requirements of the unities of time and title to the transfer of corporate stock. By doing so, the statute has allowed for a transfer to be made by the owner of securities to himself and another, permitting principles of survivorship to operate without the need of a strawman.

■ Nevertheless, while section 901 may have disposed of the formalistic demands of time and title, thus placing more emphasis on the intentions of the parties to the transaction, there exists a clear requirement that the property be held in the name of two or more persons. We find that the instrument before us failed to create such a requisite possessory interest in the Plaintiff.

The purported interest of Dorothy C. Milliken in the stock was merely as a contingent beneficiary — that interest vesting only upon the death of Lancey G. Milliken who retained exclusive possession of the property. As only an attempted inheritance was provided for in the dispository language of the certificates, record title to the property being held *solely* by Lancey G. Milliken, the instrument failed to create a joint tenancy as provided in section 901.

■ Notwithstanding the issue of the absence of record title, we note further that in order to create a statutory joint tenancy as provided in section 901, the unities of interest and possession are still required. Without such, the right of survivorship, being the distinguishing feature of a joint tenancy, would be missing. The right of survivorship necessarily means that if one cotenant dies, the property re-

*mains* in the possession of the survivor— there is no transfer since each cotenant had already possessed the whole and had an undivided interest in it. Poulson v. Poulson, 145 Me. 15, 70 A.2d 868 (1950); Strout, Admr. v. Burgess, supra.

The Plaintiff contends that a joint tenancy was created in the stock certificates since, she says, section 901 allows for the creation of a joint tenancy if there is language indicating an intention on the part of the grantor that the property be held with the right of survivorship.

The statute provides for the creation of joint tenancies of property "record title to which is held . . . under language indicating the intention that said property be held with the right of survivorship." Yet the mere inclusion in the stock certificates of the language "and on his decease Dorothy C. Milliken if she survives him" established neither the requisite record title nor the necessary entities of possession or interest. .

■ In order to create such a statutory joint tenancy there must be a clear indication that this was the intent of the grantor.[2] In the instrument before us, there was no indication by Lancey Milliken that the securities were to be held by himself and Dorothy Milliken in joint tenancy. On the contrary, the language demonstrates Mr. Milliken's intention that title should stand in his name alone and that Dorothy Milliken should have title only if and when she survived him.

Appeal denied.

All Justices concurring.

---

to the creation of joint tenancies or with relation to survivorship between co-owners is to be further modified it should be accomplished by the Legislature and not by the Court." Strout, Admr. v. Burgess, supra at 271, 68 A.2d at 249.

**2.** 33 M.R.S.A. § 904 contains a form which the Legislature declares to be a sufficient agreement to secure the application of section 901.