Kenneth R. HARDIGAN

v.

Helen KIMBALL.

Supreme Judicial Court of Maine.

Argued Jan. 6, 1989.
Decided Feb. 7, 1989.

William G. Scott, Otto G. Matheke, III (orally), Boynton, Waldron, Doleac, Woodman & Scott, P.A., Portsmouth, N.H., for plaintiff.

Ronald R. Coles, Coles & Mongue, Kennebunk, Susan J. Parcels (orally), Portland, for defendant.

Before McKUSICK, C.J., and
ROBERTS, WATHEN, GLASSMAN,
CLIFFORD and HORNBY, JJ.

CLIFFORD, Justice.

The defendant, Helen Kimball, appeals from a judgment of the Superior Court (York County; *Cole, J.*) ordering her to convey certain real property to the plaintiff, Kenneth R. Hardigan, upon the plaintiff's tendering the balance of the contract purchase price for the property. We affirm the judgment.

The defendant and her husband, Alvion Kimball, were owners as joint tenants of a parcel of real property on Appledore Island within the limits of the Town of Kittery. The parcel contains three acres of undeveloped waterfront property. During January of 1985, the Kimballs, interested in selling the property, listed the property with a real estate broker. After Hardigan toured the Appledore Island property, he offered the Kimballs $26,500 for its purchase. The written offer, which was contingent upon

Hardigan obtaining bank financing, was delivered to the Kimballs' real estate broker along with a $1000 deposit. The real estate broker forwarded the offer to the Kimballs on June 13, 1985. Because Mr. Kimball was hospitalized for open-heart surgery, the broker sent the following note along with the contract:

> If you agree to accept this offer, please sign on the back page ... (maybe Mrs. Kimball can sign for Mr. Kimball and initial her signature for him), have it witnessed (by son is fine) and date it the day you sign.

On June 18, 1985, Mrs. Kimball signed her name and her husband's name to the contract. She placed her initials next to her husband's name, had the contract witnessed and mailed it back to the broker. She was aware that the contract was for the sale of the Appledore Island property. She never discussed the contract with her husband and he never authorized her to sign on his behalf.

Alvion Kimball died on June 20, 1985, two days after Mrs. Kimball signed the contract. Mrs. Kimball was the sole beneficiary under her husband's will. When she refused to convey the real estate, Hardigan commenced this action for specific performance of the purchase and sale agreement. Following a nonjury trial, the court found that Hardigan had satisfied the bank financing contingency in the contract and was ready, willing and able to purchase the property, and that Mrs. Kimball had knowingly and willingly accepted Hardigan's offer to purchase the real estate. The court further found that Mrs. Kimball bound herself to convey her entire interest in the real estate, that her husband's interest terminated upon his death and that she thereafter acquired a fee simple interest in the property. The court granted specific performance, ordering Mrs. Kimball to convey the real estate to Hardigan upon his tender of the balance of the purchase price. This appeal followed.

■ Mrs. Kimball argues that the purchase and sale agreement did not obligate her to convey the Appledore Island property to Hardigan and, in the alternative, if the contract bound her at all, it bound her to convey only the interest in the property that she held on the date the contract was executed. We disagree. Mrs. Kimball executed the contract while her husband was still alive. She knowingly and willingly agreed to convey to Hardigan her entire interest in the property. The contract, to which Mrs. Kimball signed her name and her husband's name, purported to bind her to convey the entire estate to Hardigan. As a joint tenant, Mrs. Kimball held with her husband an undivided one-half interest in the Appledore Island property. *Maine Savings Bank v. Bridges*, 431 A.2d 633, 635 (Me.1981); *Milliken v. First Nat'l Bank of Pittsfield*, 290 A.2d 889, 891 (Me. 1972). After her husband died, Mrs. Kimball acquired his interest in the property as either a surviving joing tenant, *Milliken*, 290 A.2d at 891; 33 M.R.S.A. § 159 (1988), or, if the joint tenancy had been severed, as the sole beneficiary under her husband's will.[1] In any event, she possessed a fee simple interest in the entire property after her husband's death. Borrowing from the sound policy underlying the principle of estoppel by after-acquired title designed to prevent fraud and injustice, we hold that Mrs. Kimball is estopped from asserting the incompleteness in the title she held on the date of the contract as a bar to her agreement to convey her entire interest in the Appledore Island property to Hardigan.

■ Under the principle of estoppel by after-acquired title, a grantor who purports to convey a fee simple interest in real estate for which she has less than a fee simple interest, is estopped from challenging the completeness of the grantee's title when the grantor, subsequent to the initial conveyance, acquires the title she purported to convey. *See Taylor v. Richardson*, 432 A.2d 1307, 1310 (Me.1981); *Loose-Wiles Biscuit Co. v. Deering Village*

---

**1.** Because we conclude that Mrs. Kimball bound herself to convey her entire interest in the property, we need not address whether her signature on the purchase and sale agreement, absent her husband's signature, served to sever the joint tenancy prior to Mr. Kimball's death. The other arguments raised by Mrs. Kimball are without merit.

*Corp.,* 142 Me. 121, 128, 48 A.2d 715, 719 (1946). The concepts of fairness and justice that support the application of the principle of estoppel by after-acquired title when a grantor delivers a warranty deed are equally applicable when a purchase and sale agreement purports to bind the seller to convey certain real property. Because Mrs. Kimball agreed to convey her entire interest in the property and acquired a fee simple interest within the contract period, she is estopped from denying that the contract bound her to convey the Appledore Island property to Hardigan. It was not an abuse of discretion for the Superior Court to order specific performance of an agreement to convey real property. *See Forbes v. Wells Beach Casino, Inc.,* 307 A.2d 210, 220 (Me.1973).

The entry is:

Judgment affirmed.

All concurring.