Emery BOULETTE,

v.

Aurore BOULETTE.

Supreme Judicial Court of Maine.

Submitted on briefs April 26, 1993.
Decided July 14, 1993.

Robert S. Hark, Isaacson & Raymond, Lewiston, for plaintiff.

Jane Andrews, Lewiston, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS, RUDMAN and DANA, JJ.

WATHEN, Chief Justice.

Defendant Aurore Boulette appeals from a decision by the Superior Court (Androscoggin County, *McKinley, A.R.J.*) finding error in a District Court judgment (Lewiston, *Beliveau, J.*) partitioning real estate that she jointly owned with plaintiff Emery Boulette. Defendant contends that the Superior Court erred in finding that (1) the District Court improperly partitioned the property by considering the parties' contributions to the property prior to the joint tenancy; and (2) the District Court was inconsistent in its treatment of the outstanding mortgage. Finding no error on the part of the Superior Court, we affirm.

Defendant received real estate in Sabattus pursuant to a judgment of divorce from plaintiff in 1980. Plaintiff and defendant subsequently reconciled but did not remarry. In 1986, defendant deeded the property to herself and plaintiff as joint tenants. The present action for partition followed.

In determining the parties' proportional investment in the property, the District Court allocated to defendant the fair market value of the property at the creation of the joint tenancy, namely $66,000. The court next considered subsequent investments made by both parties and then fixed the proportional shares at 76% for defendant and 24% for plaintiff.

After determining the current value of the property, the court granted defendant a first option to purchase the property from plaintiff within 60 days of judgment for plaintiff's interest less the balance of an outstanding mortgage. In the event defendant failed to purchase, plaintiff was granted the option to purchase the property for defendant's interest plus the mortgage balance. If neither party purchased the property, the property would be sold with defendant and plaintiff receiving their proportional shares after first deducting the mortgage balance.

The Superior Court vacated the District Court judgment on the basis that the court should have considered the parties as equal owners and adjusted their ownership interests only for contributions made after the joint tenancy was created. The Superior Court also instructed the District Court to address the inconsistent treatment of the mortgage balance in the event of a buy-out as opposed to a sale to a third party.

The Superior Court correctly ruled that, as joint tenants, the parties initially held an undivided one-half interest in the property. *Hardigan v. Kimball,* 553 A.2d 1265, 1266 (Me.1989). The division of property held in joint tenancy should take into account all equities growing out of that relationship. *See Libby v. Lorrain,* 430 A.2d 37, 40 (Me.1981). Contributions of the parties to the property prior to the joint tenancy, however, are not equities growing out of the joint tenancy relationship. To allow the consideration of contributions preceding the joint tenancy would defeat joint ownership. The District Court erred by considering the parties' contributions to the property prior to the joint tenancy. Similarly, the Superior Court correctly ruled that the record does not support the inconsistent treatment of the outstanding mortgage balance.

The entry is:

Judgment affirmed.

All concurring.