STATE OF MAINE
HANCOCK, SS.

SUPERIOR COURT
CIVIL ACTION
Docket No. RE-02-23

JLH - H/il-9 26/05002

Shepard Erhart et al.,
        Plaintiffs

v.

Kyle Grindle et al.,
        Defendants

Order on Plaintiff's Motion for
Preliminary Injunction

DONALD L. GARBRECHT
LAW LIBRARY

SEP 17 2002

Hearing was held this date on the plaintiffs' motion for preliminary injunction. Plaintiff Shepard Erhart was present with counsel for both plaintiffs. Both defendants appeared pro se.

The plaintiffs have an undivided one half interest in a parcel of property, approximately 48 acres in size, located in Franklin. They acquired that interest in July 2002. The property is located across the road from the parcel where they reside. The defendants own the remaining undivided one half interest, which they acquired nearly two years ago. During that time, they have removed pieces of granite that were located in quarries located on the property. Additionally, they have harvested some trees as part of their work in restoring roads that already existed on the land and which provide access to the quarries, and they have improved those roads by applying gravel that they have mined from the parcel.

The plaintiffs have brought the action at bar, seeking a physical partition of the parcel (count 1) as a reconfiguration of their interest and the defendants'. They also seek a preliminary injunction (count 2) to prevent what they regard as destructive activities on the parcel until it can be partitioned. On August 12, 2002, the court issued a temporary restraining order enjoining the defendants from engaging in certain practices on the property until the parties could be heard on the motion

1

for preliminary injunction.

Injunctive relief is available only upon a showing of the elements identified in *Ingraham v. University of Maine at Orono*, 441 A.2d 691, 693 (Me. 1982).

Co-tenants of real property have the right to engage in the reasonable use of that property, even if that use has some impact on the rights that other persons may have in that property. *Bank of Maine v. Giguere*, 309 A.2d 114, 119 (Me. 1973). *See also Davis v. Poland*, 102 Me. 192, 195 (1906) (a tenant in common does not have a trespass claim against another tenant in common unless the latter's acts "amount to a destruction of the common property or effect a practical destruction of the interest of his co-tenant therein. . .").[1]

The plaintiff testified that he is satisfied with an accounting arrangement by which he would be advised of the amount of granite, already yarded by the defendants, that they sell or otherwise remove from the property. He has no objection to that activity. The court also concludes that it is not unreasonable for the defendants to transport other pieces of granite that have already been cut to the yard and, from there, remove them from the parcel as the plaintiff agrees they should be able to do with the granite that is already in the yard. Further, the plaintiff has not demonstrated that it is unreasonable for the defendants to use gravel that is on the property for the purpose of maintaining the roads that already exist. In order to minimize the impact of this gravel work, however, the defendants shall be permitted to add only enough gravel to the existing roads to allow those roads to be used for the purpose of gaining access to the quarries and transporting granite pieces to the existing yard. Further, any excavation of gravel shall be in locations and a

---

*Bank of Maine* and *Davis* both analyzed the rights of tenants in common. The nature of the ownership interests of the parties at bar was not revealed during the hearing. The court infers, however, that the plaintiffs and defendants are tenants in common (at least as to each other) because they acquired their interests at different times. A joint tenancy requires unity of time, among other things, which could not exist here. *See Milliken v. First National Bank of Pittsfield*, 290 A.2d 889, 890 (Me. 1972).

manner that will not damage the property more than is necessary to accomplish this result. The location of any gravel excavation shall be subject to the consent of all parties.

It is the intent of this order that the defendants shall be allowed to use and maintain those roads that are presently useable. Consequently, the defendants shall be enjoined from building any new roads, from extending any existing roads, from widening any existing roads and from clearing any roadways that may have existed in the past but which are not now useable.

The defendants are enjoined from harvesting trees, from building houselots, from cutting new pieces of granite from the quarries and from engaging in any conduct that damages, removes or alters assets now located on the land, except as specifically allowed in this order.

This order shall supersede the temporary restraining order dated August 12, 2002.

The clerk shall incorporate this order into the docket by reference pursuant to M.R.Civ.P. 79(a).

Dated: August 26, 2002

_____
Justice, Maine Superior Court

FILED &
ENTERED

AUG 2 6 2002

SUPERIOR COURT
HANCOCK COUNTY