CLAUDE EDEN, APPELLANT, V. RICHARD E. KLAAS, APPELLEE.

85 N. W. 2d 643

Filed October 25, 1957. No. 34259.

*Brogan & Brogan* and *Wagner, Wagner & Conrad,* for appellant.

*Frederick M. Deutsch* and *Gordon L. Gay,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

BOSLAUGH, J.

This is an action for personal injuries, property damage, medical services, and expenses sustained and incurred by appellant because of alleged negligence of appellee resulting in an automobile accident. A motion by appellee for a summary judgment was sustained by the trial court and a judgment of dismissal of the cause was

rendered. This appeal contests the correctness of the action of the trial court.

Appellant alleged in his amended petition that he was operating his automobile, towing a two-wheel trailer, east on a county road about 1 mile west and 2 miles south of Humphrey, traveling at a speed of approximately 40 miles per hour on the right or south part of the road in a careful manner about 4:30 on the afternoon of November 4, 1955; that appellee was driving his automobile north on a county graveled road in a reckless and careless manner and at an excessive speed; that the roads intersected at the place of the accident; that the intersection had no traffic controls; that as appellant approached the intersection he looked to his right and to his left, saw no traffic, and entered it in a lawful and prudent manner; and that when appellant was more than half the distance through the intersection the automobile of appellee traveling from the south, being operated recklessly and at an excessive speed, was out of control of the driver and it collided with the right center of the automobile of appellant, threw and forced it into the ditch north and east of the intersection, and caused the damages he seeks to recover in this action which were caused solely by the negligence of appellee.

Appellee made a motion for a summary judgment in his favor on the grounds stated therein that his automobile was to the right of appellant; that appellee had the right-of-way to cross the intersection which was not accorded to him by appellant; that the intersection was level and free from obstructions to vision for at least a block each way from it to travelers on the highways concerned but appellant operated his automobile into the intersection without looking and did not see appellee as he approached and entered it; and that appellant was guilty of more than slight negligence as a matter of law which directly and proximately caused the collision described in the amended petition of appellant.

The uncontradicted evidence in support of a motion

for summary judgment is as follows: The appellant in his deposition testified that his age was 42 years; that at the time of the accident he was in good health; that he lived 8 miles west and 6 miles south of Humphrey; that the place of the accident was 2 miles south and 1 mile west of that town; that he was traveling to Humphrey when the accident happened to do some trading, was following a route he had used several times, and was familiar with the road; that he was driving a 1947 two-door Chevrolet automobile towing a two-wheel trailer; that his car was in good working order and had good brakes; that the intersection, the site of the collision, was flat and level and vision was unobstructed for at least a quarter of a mile in all directions from it; that there was no interference with vision from a vehicle entering the intersection from any direction for a distance of at least 250 feet; that the roads which formed the intersection were flat and level on all sides of it; that appellant moved from the west toward and into the intersection on a road, the graveled surface of which was about 23 feet wide and there was only a slight ditch on either side of it; that the north-and-south intersecting road was of the same nature and condition; that there were no traffic signs at the intersection; that there were evergreen trees on the west side of the north-and-south road right-of-way commencing 250 feet south of the east-and-west center line of the intersection and they extended some distance to the south; that the speed of the car of appellant was around 40 miles per hour; that he continued that rate of speed into the collision without using the brakes of his automobile or attempting to change his course to avoid the accident; that he saw the automobile of appellee only a fraction of a second before the collision when it was about 10 or 15 feet away; that his attention was attracted thereto by appellee sounding the horn of his car; that appellant did not know the location in the intersection where the collision occurred or how far he had traveled into it; that appellant looked

to the right or south when he was 150 or 200 feet west of the intersection and that was the last and only time he looked to the south as he traveled toward the intersection; that there was no interference with his vision to the south from where he looked in that direction to and into the intersection except the evergreen trees 250 feet south of its center line; that appellant formed no judgment and had no opinion of the rate of speed of the automobile of the appellee and did not attempt to state the miles per hour he was traveling because appellant only had a momentary view of the car of appellee before the accident; that the accident happened so fast that it was probably only a split second; that appellant did say he thought appellee was coming fast and his only basis for that was the damage done by the collision; and that he, appellant, could not give any reason why he did not see the vehicle of appellee when he looked to the south. He said: "I can't figure it out."

The photographs of the intersection of the roads and the area surrounding it and the unsigned transcript of statements made by appellant a few days after the accident, which were placed in evidence, do not conflict in any material respect with the testimony of appellant contained in his deposition. Appellant complains that the transcript was improperly received in evidence over his objections. The validity of this assignment need not be decided in this case. If there was error it was without prejudice because in a cause tried to the court without a jury the improper admission of evidence is immaterial on appeal if the judgment rendered by the court is sustained by sufficient competent evidence. Peterson v. State, 157 Neb. 618, 61 N. W. 2d 263. The opposing affidavit of appellant is of no avail because it consists of conclusions as "that as he (appellant) approached said intersection, he did so in a reasonable and careful and prudent manner and at a lawful rate of speed"; general statements as "that he looked both to the south and to the north of said intersection and observed no traffic

approaching from either direction"; and matters which the record shows were not within the knowledge of appellant as "that defendant (appellee) failed to slow down as he approached said intersection at a speed of 70 miles per hour." There is no statement in the affidavit when or from what location appellant looked to the south. He testified that he had no knowledge of the rate of speed appellee was traveling.

It is provided in section 25-1334, R. R. S. 1943: "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." In 3 Barron and Holtzoff, Federal Practice and Procedure, § 1237, p. 93, the author says: "Rule 56 (e) provides that supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Under this provision, therefore, statements in affidavits as to opinion, belief, or conclusions of law are of no effect. The same is true of summaries of facts or arguments, and of statements which would be inadmissible in evidence * * *." The court said in Engl v. Aetna Life Ins. Co., 139 F. 2d 469: "Hence we have often held that mere formal denials or general allegations which do not show the facts in detail and with precision are insufficient to prevent the award of summary judgment. * * * In the present case we have from the plaintiff not even a denial of the basic facts * * *." Likewise in this case there is no denial by appellant of the basic fact that he did not look for traffic during the time that he was traveling from 150 to 200 feet to the intersection and that there was no obstruction interfering with vision in any direction for that entire distance.

Appellant asserts that the summary judgment in this case deprives him of a jury trial and of his property

without due process of law contrary to the Constitution of the United States and the Constitution of Nebraska. A summary judgment is authorized by statute, the validity of which has been recognized. §§ 25-1330 to 25-1336, R. R. S. 1943; Healy v. Metropolitan Utilities Dist., 158 Neb. 151, 62 N. W. 2d 543; Miller v. Aitken, 160 Neb. 97, 69 N. W. 2d 290; Hoke v. Welsh, 162 Neb. 831, 77 N. W. 2d 659; Kissinger v. School District No. 49, 163 Neb. 33, 77 N. W. 2d 767. In Miller v. Aitken, *supra,* the court said: "In order to obtain a summary judgment the movant must show, first, that there is no genuine issue as to any material fact in the case, and second, that he is entitled to a judgment as a matter of law. * * * Summary judgment is effective and serves a separate useful purpose only when it can be used to pierce the allegations of the pleadings and show conclusively that the controlling facts are otherwise than as alleged. * * * Where the undisputed facts conclusively establish in an action for negligence that plaintiff was guilty of contributory negligence more than slight when compared with the negligence of the defendant as a matter of law, a motion for summary judgment for the defendant may properly be sustained."

The evidence of appellant contained in his deposition is without dispute. If it establishes that he was guilty of contributory negligence more than slight as a matter of law, there is no genuine issue of fact in the case to be tried and it is immaterial in that event if appellee was or was not guilty of negligence at the time of the collision of the automobiles. There was a clear view for 250 feet west of the intersection to and through it and from 250 feet west of it there was a clear view of the north-and-south road for at least 250 feet south from the center line of the intersection. Appellant, while driving toward it, looked to the south or to his right once when he was 150 to 200 feet west of the intersection. He did not look again to the south until he was in the intersection and heard the horn on the

automobile of appellee sounded and the collision happened in a, fraction of a second thereafter. It is conclusive that appellant, as he came toward the site of the accident, did not look to the south from which direction the automobile of appellee approached where by looking he could see and avoid the accident. He took dangerous chances in disregard of his safety which, as a matter of law, was more than slight negligence and fatal to any recovery by him in this case. It is said in Evans v. Messick, 158 Neb. 485, 63 N. W. 2d 491: "The failure of the driver of an automobile, upon approaching an intersection, to look in the direction from which another automobile is approaching, where, by looking, he could see and avoid the collision that resulted, is more than slight negligence, as a matter of law, and defeats recovery." See, also, Miller v. Aitken, *supra;* Wendel v. Carlson, 162 Neb. 742, 77 N. W. 2d 212; Kohl v. Unkel, 163 Neb. 257, 79 N. W. 2d 405.

The judgment should be and it is affirmed.

AFFIRMED.