HALL, Acting Chief Judge.
The Williamses challenge the trial court’s entry of summary judgment in favor of the law firm Beckham & McAliley in this legal malpractice action. The Williamses contend summary judgment is inappropriate in this instance because there are genuine issues of material fact in dispute. We disagree and affirm.
In December 1979, Tammy Sue Williams, daughter of the appellants, Judith and Bobby Williams, was killed in an automobile accident. The Williamses thus hired Beck- *1207 ham & McAliley to represent them in an action for the wrongful death of Tammy Sue. Though Beckham & McAliley did actually file the lawsuit, the action was dismissed in August 1983 for failure to prosecute. Thereafter, the Williamses filed this legal malpractice action against Beckham & McAliley, alleging the law firm failed to properly represent them in their wrongful death suit.
Both parties filed motions for summary judgment which were initially denied. In support of its renewed motion for summary judgment, Beckham & McAliley submitted the deposition of Homer M. Marlow, an attorney who specializes in professional liability, including legal malpractice. Mr. Marlow testified that Beckham & McAliley conducted a competent and thorough investigation into the wrongful death of Tammy Sue Williams. Subsequent to a hearing on the renewed motion, the trial court entered final summary judgment in favor of Beck-ham & McAliley. The Williamses then filed a timely notice of appeal.
The Williamses argue they have presented genuine issues of material fact by alleging that Beckham & McAliley failed to properly investigate appropriate remedies available to the Williamses. Thus, they contend Beckham & McAliley was negligent in failing to prosecute a claim against the driver of the vehicle in which Tammy Sue was riding at the time of her death.
Where a motion for summary judgment has been made, the burden of proving the absence of a genuine issue of material fact is upon the moving party. Once the moving party has met its burden, it is incumbent upon the opposing party to show genuine issues of material fact do in fact exist. See Holl v. Talcott, 191 So.2d 40 (Fla.1966). While Beckham & McAliley has successfully met its burden, we find the Williamses have failed to meet theirs.
Through the affidavits and depositions of Mr. Marlow and Charles Sansone, the attorney from Beckham & McAliley who personally handled the Williamses’ wrongful death suit, the record shows that a detailed investigation into Tammy Sue’s death was in fact conducted.
Tammy Sue Williams was a passenger in an automobile operated by Bruce Lynch when it was struck by a truck operated by Mr. Chancey. Beckham & McAli-ley obtained documentation of the Florida Highway Patrol’s homicide investigation of the accident. That investigation revealed Chancey was entirely at fault. The report showed the Lynch vehicle was proceeding lawfully through an intersection on a green light when Chancey entered the same intersection on a red light traveling at approximately eighty miles per hour. Chancey had been drinking and had increased his speed to beat the Lynch vehicle through the intersection. Though Chancey was ultimately liable for Tammy Sue’s death, he had neither insurance coverage nor an estate to speak of.[1]
Upon discovering that damages could not be collected from Chancey, Beckham and McAliley investigated the possibility of relief through uninsured motorists coverage. Unfortunately, that avenue of recovery was precluded by the fact the Williamses had rejected such coverage upon the issuance of their own automobile insurance policy.
Beckham & McAliley also examined other possibilities. For instance, they hired an expert to determine whether the Florida Department of Transportation could be held liable for negligent design or construction of the roadways on which the accident took place. That theory, too, proved unavailing. Likewise, no viable theory of recovery could obtain as a result of tavern owner liability. Nor could Bruce Lynch be held accountable as the overwhelming evidence demonstrated he was entirely without liability in this matter.
Mr. Sansone testified that Beckham & McAliley had been acquainted with the Williamses for a long period of time. He stated the firm was extremely sympathetic with the Williamses’ plight and wanted to help them. When it became apparent monetary damages would be virtually uncollect *1208 ible, the firm did what it could to appease the Williamses. Thus, Sansone filed the lawsuit prior to the expiration of the statute of limitations to preserve the action in case there were further developments. Sansone testified, however, the firm had no plans to prosecute the claim as it stood and that such was communicated to the Williamses. Mr. Williams’s testimony in fact corroborated Mr. Sansone’s testimony in that regard.
Though the Williamses contend Beckham & McAliley failed to investigate their claim, they fail to dispute any of Beckham & McAliley’s assertions. They do, however, argue that Beckham & McAliley could have proceeded against Lynch to reach his father’s $10,000 insurance policy. The Williamses base their argument on the affidavit of a forensic physicist who stated Lynch might have swerved to avoid the accident. They also rely on an affidavit submitted by a claims adjuster from U.S.F. & G., Lynch’s insurance carrier, who stated Lynch could have been at fault and that U.S.F. & G. may not have denied a claim had one been submitted.
The fact there is a remote possibility Lynch could have avoided the accident, does not tend to establish Lynch was con-tributorily negligent — particularly in view of the overwhelming evidence to the contrary. Further, though the claims adjuster’s affidavit ambiguously indicates Lynch could have been at fault in some respect and that the claim might not have been denied, it directly contradicts the same adjustor’s investigation report which indicates that no liability could be found on the part of Bruce Lynch.
Mr. Marlow’s testimony indicates that Beckham & McAliley conducted a proper and adequate investigation to determine who was responsible for the death of Tammy Sue. Williams, and who among those responsible could respond financially to the Williamses’ claim. Among other things, Beckham & McAliley determined that because of the high rate of speed Chancey was traveling when he unlawfully entered the intersection, there was no evasive action Lynch could have taken to avoid the accident. Therefore, to have proceeded against him, his father, or U.S.F. & G. simply because Lynch was the only party with insurance coverage, would have been professionally irresponsible and “tantamount to extortion.”
Every attorney in the state of Florida takes an oath of admission to The Florida Bar which states in part:
I will not counsel or maintain any suit or proceeding which shall appear to me to be unjust, nor any defense except such as I believe to be honestly debatable under the law of the land;
I will employ for the purpose of maintaining the causes confided to me such means only as are consistent with truth and honor, and will never seek to mislead the Judge or jury by any artifice or false statement of fact or law; ....
Section 4-3.1, of the Florida Rules of Professional Conduct states, “[a] lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis for doing so that is not frivolous, which includes a good faith argument for an extension, modification or reversal of existing law.”
The comment to that section indicates, [t]he advocate has a duty to use legal procedure for the fullest benefit of the client’s cause, but also a duty not to abuse legal procedure....
... The action is frivolous, however, if the client desires to have the action taken primarily for the purpose of harassing or maliciously injuring a person or if the lawyer is unable either to make a good faith argument on the merits of the action taken or to support the action taken by a good faith argument for an extension, modification or reversal of existing law.
Once Beckham & McAliley determined that Lynch was without liability, it had no duty to pursue a claim against him. To have proceeded against Lynch despite its knowledge he was not at fault would have been in derogation of professional ethics.
Therefore, for the reasons stated herein, we find summary judgment was properly *1209 granted in favor of Beckham & McAliley and hereby affirm the decision of the trial court.
THREADGILL and ALTENBERND, JJ., concur.

. Mr. Chancey also died in the collision.