664 So.2d 358 (1995)
Richard HEITMEYER, Appellant,
v.
Donald SASSER, Individually, Johnston, Sasser, Randolph & Weaver, and Johnston, Sasser, Randolph & Weaver, P.A., Appellees.
No. 94-2214.
District Court of Appeal of Florida, Fourth District.
December 20, 1995.
Marshall J. Osofsky of Lewis, Vegosen & Rosenbach, P.A., West Palm Beach, for appellant.
Jane Kreusler-Walsh of Jane Kreusler-Walsh, P.A., and Robert E. Geisler of Peterson, Bernard, Vandenberg, Zei, Geisler & Martin, West Palm Beach, for appellees.
POLEN, Judge.
Richard Heitmeyer appeals from a final summary judgment in a legal malpractice *359 action, entered in favor of the defendant/appellees, Donald Sasser, individually, Johnston, Sasser, Randolph & Weaver, and Johnston, Sasser Randolph & Weaver, P.A.[1] We reverse.
The appellant's malpractice action arose out of Sasser's representation of Heitmeyer in the dissolution of marriage action between Heitmeyer and his former wife. The essence of the action is that Sasser was negligent in failing to raise by motion or pleading the valid antenuptial agreement signed by Heitmeyer and his wife on February 13, 1980, within the time allowed by law. Heitmeyer alleged that he suffered permanent financial loss and all benefits and rights regarding the agreement, and that Sasser's actions in failing to raise and plead the antenuptial agreement were the proximate cause of this loss. Heitmeyer further alleged that the Sasser firm negligently failed: to protect his interest after being informed that wife's counsel received discovery which she was not entitled to; to devote sufficient time and preparation to comprehending his financial status; and to advise him that the final judgment and stenographically recorded settlement agreement which Sasser dictated was so vague and ambiguous that it might result in substantial litigation. Heitmeyer also claimed that the Sasser firm negligently urged the court to adopt its final judgement/property settlement agreement, and negligently failed to respond to and comply with his directives. The complaint also alleged that the firm knew or should have known of existing statutes of limitation.[2]
On April 13, 1994, Sasser filed a motion for summary judgment alleging that Heitmeyer failed to establish breach of a duty or causation. In support of the motion, Sasser filed the expert affidavit of Lewis Kapner who was the former wife's counsel in the dissolution of marriage proceeding. In the affidavit Kapner alleges that he reviewed the file of Sasser in the Heitmeyer divorce, the production of records by the plaintiffs, all the pleadings in Heitmeyer v. Heitmeyer, all the pleadings in the instant matter and the depositions of Richard Heitmeyer and his former wife in this matter. Kapner then expresses his opinion that Sasser and the Sasser firm did not breach the standard of care in the handling of the case and that even if there was negligence, there is no causal connection between any damages to Heitmeyer and those actions.
Heitmeyer moved to strike Kapner's affidavit and filed an objection to the motion for summary judgment on the basis that it was insufficient to shift the burden of proof. Heitmeyer also filed his affidavit in opposition to the motion for summary judgment. Heitmeyer did not file any expert affidavits.
At the hearing on the motion for summary judgment the trial court determined that Kapner's affidavit was sufficient to shift the burden of proof back to Heitmeyer. The court specifically noted:
Mr. Kapner merely gives sort of an ultimate conclusion that there was no breach of the standard of care. I think it is a fairly close issue, but I think his affidavit certainly shifts the burden here to the plaintiff to come up with an expert opinion.
The trial court erred in determining that Mr. Kapner's affidavit was sufficient to shift the burden of proof back to Heitmeyer. There is a heavy burden resting on a party who moves for summary judgment. In Holl v. Talcott, 191 So.2d 40 (Fla. 1966), the supreme court noted:
The rule simply is that the burden to prove the nonexistence of a genuine triable issue is on the moving party, and the burden of proving the existence of such issues is not shifted to the opposing party until the movant has successfully met his burden.
Sasser and the Sasser firm did not meet this burden, as the affidavit of Lewis Kapner is conclusory and does not give any reasoning for his determination that Sasser and the Sasser firm did not breach the standard of care in the handling of Heitmeyer's case. *360 Specifically, Kapner's affidavit never explains why the Sasser firm's failure to plead the antenuptial agreement or perform or not perform the other acts which Heitmeyer claims amounted to a breach of the firm's duty to him, did not amount to such a breach. See Seinfeld v. Commercial Bank & Trust Co., 405 So.2d 1039 (Fla. 3d DCA 1981) (recognizing that general statements in an affidavit which are framed in terms only of conclusions of law do not satisfy a movant's burden of proving the nonexistence of a genuine material fact issue); Hurricane Boats, Inc. v. Certified Indus. Fabricators, Inc., 246 So.2d 174 (Fla. 3d DCA 1971) (affidavit in support of summary judgment may not be based on factual conclusions or conclusions of law); Sherman v. Weintraub, 132 So.2d 421 (Fla. 3d DCA 1961) (affidavit of defendant, denying liability as a conclusion of law, was insufficient to raise genuine issue as to material fact); Pino v. Lopez, 361 So.2d 192 (Fla. 3d DCA), cert. denied, 365 So.2d 714 (Fla. 1978) (plaintiff's affidavit in opposition to motion for summary judgment was insufficient as a matter of law because it alleged conclusions of law without supporting facts).
Also particularly instructive is the following quote from the first district's opinion in Department of Transportation v. Spioch, 642 So.2d 788 (Fla. 1st DCA 1994), which forms the basis of its conclusion that the affidavit of a state Department of Transportation engineer who was managing and administering a bridge inspection program was not sufficient to entitle the Department to summary judgment on a negligence claim arising out of the collapse of the bridge:
But the averments contained in Locke's affidavit were essentially self-serving conclusions that did not conclusively establish the nonexistence of material facts that would show the Department was negligent, either in making the statutorily required inspections, or in maintaining and repairing the bridge to correct a dangerous condition that the Department knew or should have known existed. As was true with the affidavits involved in Holl v. Talcott, the affidavit herein constituted "little more than a plea of not guilty," 191 So.2d at 45, for it essentially stated only that the Department acted in accordance with accepted standards of practice without showing what the Department actually did.
In addition, in Holl v. Talcott, 191 So.2d 40 (Fla. 1966), relied on in the Spioch opinion, the supreme court held that affidavits filed by expert physicians which when reduced to their essence only stated that the defendant doctors acted in accordance with accepted standards of practice, were insufficient to shift the burden of proof in a medical malpractice action. This was because the affidavits did not offer any explanation as to what caused the condition of the plaintiff, who was reduced to a vegetative state after treatment had been administered. Id. Similarly at bar, as the affidavit of Kapner never offered any explanation as to why the antenuptial agreement was not used, and did not attempt to explain any of the other allegations of malpractice, it was insufficient to shift the burden of proof to Heitmeyer. Even the trial court at bar acknowledged and stated that "Mr. Kapner merely gives sort of an ultimate conclusion that there was no breach of the standard of care." Thus, as the burden never shifted to Heitmeyer, summary judgment should not have been granted against him, based on the conclusory affidavit. This is not to say that we believe Heitmeyer will ultimately prevail at trial, but that we believe a conclusory affidavit is insufficient to prove that he will not. See Crandall v. Southwest Fla. Blood Bank, Inc., 581 So.2d 593, 595 (Fla. 2d DCA 1991) (when a defendant moves for summary judgment, neither the trial court nor the appellate court determines whether the plaintiff can prove its case; but solely whether the pleadings, depositions and affidavits conclusively show that the plaintiff cannot prove its case). Accordingly, we reverse the granting of the summary judgment and remand for further proceedings.
GUNTHER, C.J., and STEVENSON, J., concur.
NOTES
[1] These appellees will be referred to collectively as "Sasser" and "the Sasser firm."
[2] In the complaint there is an apparent typographical error. Instead of alleging that the firm should have known of the existing statute of limitation, Heitmeyer alleges that the firm should have known of the "existing statutes of agreement."