JEAN M. BOYLE, APPELLANT, V. JAMES R. WELSH, APPELLEE.
589 N.W. 2d 118

Filed February 12, 1999. No. S-97-249.

James D. Sherrets and Theodore R. Boecker, Jr., of Sherrets & Associates, and, on brief, Kathy Pate Knickrehm for appellant.

James R. Welsh, of Bradford, Coenen & Welsh, for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, and STEPHAN, JJ.

CONNOLLY, J.

We granted the petition for further review of the appellee, James R. Welsh. The appellant, Jean M. Boyle, brought a legal malpractice action against Welsh, alleging, inter alia, that Welsh was negligent in failing to timely file suit against certain potential defendants in her underlying medical malpractice action. The question presented is whether an attorney's failure to file a suit within the period provided for in the statute of limitations amounts to negligence, even in the absence of any showing that the suit should have been filed. We conclude that determining whether there was a suit that should be filed is a predicate step to determining whether the failure to timely file such a suit is negligent. We also determine that in the instant case, legal expert testimony was required to establish whether a suit should have been filed. We reverse the judgment of the Nebraska Court of Appeals and remand the cause with directions.

## BACKGROUND

Welsh agreed to represent Boyle in a lawsuit against the physicians that performed her postoperative treatment, which occurred during the spring and summer of 1990. Boyle's primary physician was Dr. Patrick A. Smith. However, Boyle was also treated on one occasion by Smith's partner, Dr. John W. Monson. During his representation of Boyle, Welsh filed suit against Smith but not against Monson or Monson and Smith's

partnership. The suit against Smith was tried in 1994, and a verdict was rendered in favor of Smith.

In 1995, Boyle filed a pro se legal malpractice claim against Welsh, alleging that Welsh was negligent (1) by failing to file suit against Monson and the partnership within the period provided for in the applicable statute of limitations and (2) in failing to join Monson and the partnership as defendants in the lawsuit against Smith. Welsh filed a motion for summary judgment and offered his own affidavit stating that he was a certified trial attorney licensed in the State of Nebraska; had represented Boyle in her medical malpractice claim; was personally familiar with the facts of Boyle's case, including the allegations made against him in her petition; and had reviewed the file and trial notebook applicable to his legal representation of Boyle. The affidavit then stated that based on Welsh's education, training, and experience in malpractice cases; his personal knowledge of the facts in Boyle's case; and a review of the file, medical records, and depositions, it was Welsh's professional opinion, based on a reasonable degree of legal certainty, that his representation of Boyle complied with the appropriate standard of conduct. He also offered Boyle's interrogatories, which indicated that she had not retained an expert to testify regarding legal malpractice.

In response, Boyle offered the affidavit of Dr. Thomas J. Safranek, which stated that Monson and Smith violated the appropriate standard of medical conduct in the treatment of Boyle. Boyle also offered her own affidavit, which stated that she had "repeatedly questioned [Welsh] regarding his failure to add Dr. Monson as a defendant in the underlying medical malpractice lawsuit" and that Welsh had "declined to institute an action against" Monson. Her affidavit also stated that Welsh had assured her that "it was not necessary to include Dr. Monson as a defendant in the action in order for the essential evidence to be properly presented at the time of trial" and that Boyle "relied upon and believed [Welsh's] representations and followed his advice."

The trial court received the parties' offered evidence and granted Welsh's motion for summary judgment. The trial court concluded that there was no genuine issue of material fact,

because Boyle failed to offer legal expert testimony to establish Welsh's alleged negligence.

Conceding that legal expert testimony is generally required, Boyle appealed, arguing solely that the failure to file a suit within the period provided for in the statute of limitations is an allegation of negligence falling within the common knowledge exception to the expert testimony requirement. The Court of Appeals first concluded that legal expert testimony is required to establish an attorney's breach of the standard of conduct in legal malpractice actions, with the exception of those allegations falling within laypersons' common knowledge. *Boyle v. Welsh*, 6 Neb. App. 931, 578 N.W.2d 496 (1998). The Court of Appeals then concluded that Boyle's first allegation of negligence, concerning the statute of limitations, was negligence falling within the common knowledge exception. *Id.* According to the court, Safranek's affidavit established that Welsh should have filed suit against Monson and the partnership, and thus, that Welsh's failure to timely do so was obvious negligence. *Id.* However, the Court of Appeals concluded that Boyle's second allegation of negligence, joinder, did not fall within the common knowledge exception. *Id.*

## ASSIGNMENT OF ERROR

In his petition for further review, Welsh asserts that the Court of Appeals erred in concluding that Boyle's allegations concerning his failure to initiate suit against Monson and the partnership, within the period provided for in the applicable statute of limitations, fell within the "common knowledge" exception to the expert testimony requirement.

## SCOPE OF REVIEW

In reviewing a summary judgment, an appellate court views the evidence in a light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *Community First State Bank v. Olsen*, 255 Neb. 617, 587 N.W.2d 364 (1998); *Barnett v. Peters*, 254 Neb. 74, 574 N.W.2d 487 (1998). The question on such review is not how a factual issue is to be decided, but whether any real issue of genuine fact exists. *Ratigan v. K.D.L., Inc.*, 253 Neb. 640, 573 N.W.2d 739 (1998).

## ANALYSIS

### LEGAL MALPRACTICE

A litigant alleging legal malpractice must prove the following: (1) the attorney's employment, (2) the attorney's neglect of a reasonable duty, and (3) that such negligence resulted in and was the proximate cause of loss to the client. *Baker v. Fabian, Thielen & Thielen,* 254 Neb. 697, 578 N.W.2d 446 (1998). In the instant case, there is no dispute that an attorney-client relationship existed between Boyle and Welsh. However, the parties do dispute whether Welsh's representation of Boyle breached the standard of conduct. In a legal malpractice action, the required standard of conduct is that the attorney exercise such skill, diligence, and knowledge as that commonly possessed by attorneys acting in similar circumstances. See *Baker v. Fabian, Thielen & Thielen, supra,* citing *Bruning v. Law Offices of Ronald J. Palagi,* 250 Neb. 677, 551 N.W.2d 266 (1996). Although this general standard is established by law, the question of what an attorney's specific conduct should be in a particular case and whether an attorney's conduct fell below that specific standard is a question of *fact.* See, *McVaney v. Baird, Holm, McEachen,* 237 Neb. 451, 466 N.W.2d 499 (1991); *Shanley v. Barnett,* 168 Ill. App. 3d 799, 523 N.E.2d 60, 119 Ill. Dec. 592 (1988); 4 Ronald E. Mallen & Jeffrey M. Smith, Legal Malpractice § 32.16 (4th ed. 1996); Michael P. Ambrosio & Denis F. McLaughlin, *The Use of Expert Witnesses in Establishing Liability in Legal Malpractice Cases,* 61 Temple L. Rev. 1351 (1988).

Although we have consistently held that expert testimony is necessary to establish a breach of the standard of conduct in professional malpractice cases not involving attorneys, this court has never explicitly held that expert testimony is required to establish such a breach in legal malpractice cases. See, *Boyle v. Welsh,* 6 Neb. App. 931, 578 N.W.2d 496 (1998), citing *Vilcinskas v. Johnson,* 252 Neb. 292, 562 N.W.2d 57 (1997) (involving medical malpractice), and *Overland Constructors v. Millard School Dist.,* 220 Neb. 220, 369 N.W.2d 69 (1985) (involving architectural malpractice). See, also, *Sports Courts of Omaha v. Brower,* 248 Neb. 272, 534 N.W.2d 317 (1995)

(holding that expert testimony concerning question of *law* is generally not admissible in evidence). However, we impliedly recognized as much in *McVaney v. Baird, Holm, McEachen, supra.* In *McVaney*, the defendant law firm argued that expert testimony was necessary to establish that its conduct concerning the statute of limitations was not in conformity with the standard of care. This court held that "no *outside* expert testimony was necessary," not because expert testimony is, as a general matter, unnecessary, but because the defendant's attorney had conceded that his conduct would violate the standard of care. (Emphasis supplied.) *McVaney v. Baird, Holm, McEachen,* 237 Neb. at 461, 466 N.W.2d at 507. Indeed, "[i]n every jurisdiction in which the issue has arisen, expert testimony to establish the standard of care has been held to be admissible or has been admitted without discussion." 4 Mallen & Smith, *supra* at 199. Expert testimony is generally required in legal malpractice actions, since a " 'jury cannot rationally apply a general statement of the standard of care unless it is aware' " of what the common attorney would have done in similar circumstances. *Gibson v. Talley,* 162 Ga. App. 303, 305, 291 S.E.2d 72, 75 (1982). Accordingly, we conclude that expert testimony is generally required to establish an attorney's standard of conduct in a particular circumstance and that the attorney's conduct was not in conformity therewith.

Having determined that expert legal testimony is generally required in legal malpractice cases, we must also determine whether the common knowledge exception applies. As noted by the Court of Appeals, we have applied such an exception in medical malpractice cases. *Boyle v. Welsh, supra,* citing *Boyd v. Chakraborty,* 250 Neb. 575, 550 N.W.2d 44 (1996). We see no reason to treat legal malpractice actions any differently than medical malpractice actions. See *Stansbery v. Schroeder,* 226 Neb. 492, 412 N.W.2d 447 (1987). See, also, Ambrosio & McLaughlin, *supra,* citing, inter alia, *Molever v. Roush,* 152 Ariz. 367, 732 P.2d 1105 (Ariz. App. 1986); *Dean v. Conn,* 419 So. 2d 148 (Miss. 1982). Therefore, we conclude that in legal malpractice cases, where the evidence and the circumstances are such that the recognition of the alleged negligence may be presumed to be within the comprehension of laypersons, no

expert testimony is required. *Boyle v. Welsh, supra,* citing *Boyd v. Chakraborty, supra.*

## SUMMARY JUDGMENT

In the absence of a prima facie showing by the movant that he or she is entitled to summary judgment, the opposing party is not required to reveal evidence which he or she expects to produce at trial to prove the allegations contained in his or her petition. *Melick v. Schmidt,* 251 Neb. 372, 557 N.W.2d 645 (1997). Thus, the threshold question in the instant case is whether Welsh, as the movant, established a prima facie case in support of his motion for summary judgment.

## PRIMA FACIE CASE

A movant for summary judgment makes a prima facie case by producing enough evidence to demonstrate that the movant is entitled to a judgment if the evidence were *uncontroverted* at trial. *O'Connor v. Kaufman,* 250 Neb. 419, 550 N.W.2d 902 (1996). Welsh's motion for summary judgment was premised on his affidavit, wherein Welsh stated that his representation of Boyle met the applicable standard of conduct. Such evidence, if admitted at trial, would be *uncontroverted* only if Boyle failed to produce *any* evidence, whether by expert or otherwise, indicating that Welsh neglected a reasonable duty, i.e., breached the standard of conduct. Boyle's failure to present such evidence would entitle Welsh to judgment as a matter of law, since Boyle would have failed to meet her burden of proof. See, e.g., *Baker v. Fabian, Thielen & Thielen,* 254 Neb. 697, 578 N.W.2d 446 (1998). See, also, *Hall v. Stephenson,* 919 S.W.2d 454 (Tex. App. 1996) (stating that defendant is entitled to summary judgment if summary judgment evidence establishes, as matter of law, that at least one element of plaintiff's cause of action cannot be established).

We note that Welsh's affidavit did not contain a specific recitation of the underlying facts upon which he based his expert opinion. We recognize that other jurisdictions have held that such an affidavit is insufficient to establish a prima facie case. In *Heitmeyer v. Sasser,* 664 So. 2d 358 (Fla. App. 1995), the defendant attorney in a legal malpractice action moved for

summary judgment, presenting the affidavit of a legal expert as to the standard of conduct. The affidavit stated that the expert had reviewed the file in the underlying action, the production of records by the plaintiffs, the pleadings in the underlying action, the pleadings in the instant action, and the depositions of the parties and that, in the expert's opinion, the defendant attorney did not breach the standard of care. The court held that the affidavit was insufficient to shift the burden of proof to the plaintiffs, since the expert's affidavit was conclusory. *Id.* See, also, *Petersen, Ibold & Wantz v. Whiting*, 109 Ohio App. 3d 738, 673 N.W.2d 151 (1996) (holding that expert's conclusory affidavit insufficient).

However, this court has long held that "an affidavit of a defendant physician in a malpractice case, which affidavit states that the defendant did not breach the appropriate standard of conduct, presents a prima facie case of lack of negligence for the purposes of summary judgment." *Boyd v. Chakraborty*, 250 Neb. 575, 580, 550 N.W.2d 44, 47 (1996), citing *Wagner v. Pope*, 247 Neb. 951, 531 N.W.2d 234 (1995). See, also, *Medley v. Davis*, 247 Neb. 611, 529 N.W.2d 58 (1995); *Marshall v. Radiology Assoc.*, 225 Neb. 75, 402 N.W.2d 855 (1987). In *Hanzlik v. Paustian*, 211 Neb. 322, 318 N.W.2d 712 (1982) (*Hanzlik I*), the defendant doctor in a medical malpractice action moved for summary judgment, which motion was sustained. On appeal, this court reversed the trial court's judgment, holding that the defendant had failed to establish a prima facie case of nonnegligence. Although the defendant had presented evidence explaining the surgical procedures he followed and detailing the possible consequences of those procedures, the defendant did not indicate that such procedures met the applicable standard of conduct. *Id.* On remand, in *Hanzlik v. Paustian*, 216 Neb. 575, 344 N.W.2d 649 (1984) (*Hanzlik II*), the defendant doctor again filed a motion for summary judgment, this time supported by his own affidavit stating that he had met the appropriate standard of care. Although this court did not indicate whether or not he had again presented evidence of the surgical procedures he followed, this court held that his affidavit was sufficient to establish a prima facie showing of nonnegligence. *Id.* Thus, this court's precedent would indicate

that Welsh's affidavit was sufficient to establish a prima facie case, despite its lack of underlying facts.

An analysis of the underlying law demonstrates the basis for this court's holding in *Hanzlik II*. Neb. Rev. Stat. § 25-1334 (Reissue 1995), which prescribes the form of affidavits offered in support of summary judgment, states, "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth *such facts as would be admissible in evidence*, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." (Emphasis supplied.) There is no question that Welsh's affidavit was made on personal knowledge (he handled Boyle's case) and that he was competent to testify to the matters stated therein (he is an expert as to legal matters). The only question is whether Welsh's opinion in his affidavit would be admissible in evidence had the case gone to trial.

This court interpreted § 25-1334 in the seminal case *Eden v. Klaas*, 165 Neb. 323, 85 N.W.2d 643 (1957). In *Klaas*, the plaintiff motorist in a negligence action offered an affidavit in opposition to the defendant's summary judgment motion, which affidavit consisted of conclusions, general statements, and other matters of which the plaintiff had no personal knowledge. This court stated that the plaintiff's affidavit was of no avail, holding that " 'statements in affidavits as to opinion, belief, or conclusions of law are of no effect,' " *id.* at 328, 85 N.W.2d at 646, quoting 3 William Barron & Alexander Holtzoff, Federal Practice and Procedure § 1237 (1951), and that " 'mere formal denials or general allegations which do not show the facts in detail and with precision are insufficient to prevent the award of summary judgment,' " *id.*, quoting *Engl v. Aetna Life Ins. Co.*, 139 F.2d 469 (2d Cir. 1943). Obviously, the opinion, the belief formed without personal knowledge, or the legal conclusions of a *lay* motorist would be inadmissible at trial and, thus, would not satisfy the requirements of § 25-1334. Likewise, some factual detail is usually necessary to lay foundation for a formal denial or a general allegation. However, the key inquiry under § 25-1334, insofar as an expert's opinion and foundational evidence is concerned, is whether such evidence "would be admissible" at trial.

Although a layperson's opinion is generally not admissible, see Neb. Rev. Stat. § 27-701 (Reissue 1995), an expert opinion, such as that in *Hanzlik II*, is readily admissible under Neb. Rev. Stat. § 27-702 (Reissue 1995). Likewise, pursuant to Neb. Rev. Stat. § 27-705 (Reissue 1995), an expert "is not required to testify to 'the underlying facts or data' before stating his opinion." *Clearwater Corp. v. City of Lincoln*, 202 Neb. 796, 803, 277 N.W.2d 236, 240 (1979). "Without question, under our Rules of Evidence in an appropriate case, an expert may render an opinion without first disclosing the underlying data upon which that opinion is based." *Northern Nat. Gas Co. v. Beech Aircraft Corp.*, 202 Neb. 300, 305, 275 N.W.2d 77, 80-81 (1979). Thus, Welsh's opinion that his conduct met the standard of conduct would have been admissible at trial, and therefore, Welsh's affidavit met the requirements of § 25-1334.

Because Welsh's affidavit presented competent evidence sufficient to support a finding that his conduct was in compliance with the standard of conduct, he would be entitled to judgment as a matter of law if that evidence were uncontroverted. Therefore, we conclude that Welsh's affidavit established a prima facie case for purposes of summary judgment.

### ISSUE OF MATERIAL FACT

After the movant for summary judgment makes a prima facie case by producing enough evidence to demonstrate that the movant is entitled to judgment if the evidence were uncontroverted at trial, the burden to produce evidence showing the existence of a material issue of fact that prevents judgment as a matter of law shifts to the party opposing the motion. *Bargmann v. Soll Oil Co.*, 253 Neb. 1018, 574 N.W.2d 478 (1998). If the movant for summary judgment submits an affidavit as to a material fact, and that fact is not contradicted by the adverse party, the movant is entitled to summary judgment. See, e.g., *Battle Creek State Bank v. Preusker*, 253 Neb. 502, 571 N.W.2d 294 (1997). As we have already determined that Welsh established a prima facie case of nonnegligence by producing enough evidence to show that he met the standard of conduct, the question is whether the evidence Boyle presented in opposition to summary judgment is sufficient to controvert Welsh's evidence,

i.e., create an issue of material fact as to whether Welsh was negligent.

First, we note that Boyle did not provide any expert evidence as to whether Welsh met the standard of conduct. However, as we have already indicated, the plaintiff's burden of proving that an attorney failed to comply with the applicable standard of conduct in a legal malpractice case can be met without expert testimony when the asserted negligence lies within the fact finder's comprehension as a matter of common knowledge. See, e.g., *Boyd v. Chakraborty*, 250 Neb. 575, 581, 550 N.W.2d 44, 48 (1996) (applying common knowledge exception in medical malpractice context). See, also, *Brumley v. Naples*, 320 Ark. 310, 896 S.W.2d 860 (1995) (acknowledging that common knowledge exception applies in legal malpractice context). Accordingly, the question is whether Welsh's alleged failure to file suit against Monson and the partnership, within the period provided for in the statute of limitations, falls within the common knowledge exception to the expert testimony requirement in legal malpractice cases. In other words, Is the evidence presented by Boyle, despite the lack of expert testimony, sufficient to create an issue of fact?

We agree with the Court of Appeals to the extent that it concluded that the failure to file *a suit that should otherwise be filed* within the time required by the statute of limitations is a deviation from the standard of care falling within the common knowledge exception. See *Boyle v. Welsh*, 6 Neb. App. 931, 578 N.W.2d 496 (1998). See, also, *Staman v. Yeager & Yeager*, 238 Neb. 133, 469 N.W.2d 532 (1991) (indicating that finding that statute of limitations had run by reason of attorney's poor pleading would constitute actionable negligence). But see *McVaney v. Baird, Holm, McEachen*, 237 Neb. 451, 466 N.W.2d 499 (1991) (indicating that no expert testimony was necessary, because defendant attorney's own testimony established standard of care respecting statute of limitations). However, the operative phrase in the above proposition is "a suit that should otherwise be filed." Obviously, an attorney commits no negligence concerning the statute of limitations by failing to file a *frivolous* suit or one which otherwise would not produce a satisfactory result.

In *Koeller v. Reynolds*, 344 N.W.2d 556 (Iowa App. 1983), the plaintiff in a legal malpractice action argued that the defendant attorney's failure to file suit prior to the expiration of the statute of limitations fell within the common knowledge exception. The court responded by stating that the plaintiff's "argument begs the question of negligence by assuming she had a good case." *Id.* at 561. In other words, an attorney does not owe his or her client any duty to file a suit that should not be filed prior to the running of the statute of limitations. Thus, determining whether there was a suit that should be filed is a predicate step to determining whether the failure to file such a suit within the period provided for in the statute of limitations constituted a violation of an attorney's standard of conduct. See, also, *Procanik By Procanik v. Cillo*, 226 N.J. Super. 132, 543 A.2d 985 (1988).

Accordingly, Boyle's evidence must create an issue of fact as to whether a suit should have been filed before it can create an issue of fact as to whether the suit should have been filed within the period provided for in the statute of limitations. Whether a suit should be instituted against a particular defendant is an issue that is within the province of an attorney's professional skill and judgment, and is not within the ordinary knowledge and experience of laypersons. See, *Boulette v. Boulette*, 627 A.2d 1017 (Me. 1993); *Prather v. McGrady*, 261 Ill. App. 3d 880, 634 N.E.2d 299, 199 Ill. Dec. 460 (1994); *Williams v. Beckham & McAliley, P.A.*, 582 So. 2d 1206 (Fla. App. 1991); *Nika v. Danz*, 199 Ill. App. 3d 296, 556 N.E.2d 873, 145 Ill. Dec. 255 (1990). See, also, *Kirsch v. Duryea*, 21 Cal. 3d 303, 578 P.2d 935, 146 Cal. Rptr. 218 (1978); *Mills v. Cooter*, 647 A.2d 1118 (D.C. App. 1994). Thus, generally, legal expert testimony is required to establish such.

Nonetheless, the Court of Appeals concluded that Boyle's affidavits presented sufficient evidence to create an issue of fact as to whether Welsh's failure to file suit against Monson and the partnership was negligent. *Boyle v. Welsh, supra.* According to the Court of Appeals, Safranek's affidavit demonstrated that a lawsuit against Monson should have been filed.

The fallacy in the court's reasoning lies in the fact that a *medical* expert cannot demonstrate that an *attorney* should have

filed a lawsuit. See *Procanik By Procanik v. Cillo, supra.* In *Cillo*, the plaintiffs complained that the defendant attorneys had committed malpractice by improperly discouraging the plaintiffs from bringing a medical malpractice action against certain doctors, causing the plaintiffs to miss the statute of limitations on their medical malpractice claim. The plaintiffs alleged, inter alia, that one of the defendant attorneys was negligent in characterizing a medical expert's opinion as to the negligence of the potential defendants in the underlying medical malpractice as "'somewhat weak.'" *Id.* at 152, 543 A.2d at 995. The court noted that the legal issue was whether the "somewhat weak" characterization of the medical expert's opinion was a violation of the attorney's standard of conduct. The court then noted that the plaintiff had failed to adduce proof that the attorney's characterization was such a violation. The court concluded that the testimony of the plaintiffs' medical expert in the legal malpractice action as to the proper characterization of the previous medical expert's opinion was irrelevant. *Id.* According to the court, "The issue was not what the report meant to another physician but how it could be reasonably interpreted by a lawyer, and that was not an issue as to which a physician was competent to express an opinion." *Id.* at 153-54, 543 A.2d at 996.

Likewise, in the instant case, Safranek's affidavit, although it may have created an issue of fact as to Monson's negligence, did not create an issue of fact as to whether Welsh was negligent. See *Procanik By Procanik v. Cillo, supra* (indicating that attorney may properly decline to file suit even when doctor has acted negligently).

In her own affidavit, Boyle admitted that she had "repeatedly questioned" Welsh regarding his failure to add Monson as a defendant in the underlying medical malpractice action and that Welsh had assured her that it was unnecessary to do so. Boyle's evidence does not indicate in any way that Welsh was unaware of the statute of limitations. To the contrary, one could infer from Welsh's timely filing of the underlying action against Smith that Welsh was well aware of the need to file suit within the period provided for in the statute of limitations. Thus, if any inference can be drawn from Boyle's affidavit, it is that Welsh

was not going to file suit against Monson and the partnership or add Monson and the partnership to the underlying action, regardless of the statute of limitations.

Therefore, based on the evidence offered by Boyle, it appears that the real theory underlying her cause of action against Welsh is that Welsh was negligent in refusing to join or file suit against Monson and the partnership, and not that Welsh failed to do so prior to the running of the statute of limitations. This court cannot allow Boyle to avoid summary judgment by clothing her cause of action in terms of the statute of limitations, when she has failed to produce any evidence that the statute of limitations is relevant. Indeed, every time an attorney exercises his or her judgment not to bring suit against a particular defendant, the statute of limitations will eventually run. That fact does not magically bring the legal malpractice plaintiff's cause of action into the common knowledge exception.

We conclude that Boyle's evidence opposing summary judgment was insufficient to create an issue of fact as to whether Welsh should have filed suit and, thus, that the trial court properly granted summary judgment in Welsh's favor. This conclusion does not indicate that legal expert testimony is always necessary to establish that a suit should have been filed. Rather, it limits the application of the common knowledge exception to those instances when the need to file the underlying suit is obvious, such as when an untimely suit or appeal was actually filed, see *Brainerd v. Kates*, 68 Ill. App. 3d 781, 386 N.E.2d 586, 25 Ill. Dec. 315 (1979), or where the defendant attorney otherwise establishes such, see, *Carpenter v. Cullan*, 254 Neb. 925, 581 N.W.2d 72 (1998) (wherein attorney admitted negligence in failing to file wrongful death action within applicable statute of limitations); *McVaney v. Baird, Holm, McEachen*, 237 Neb. 451, 466 N.W.2d 499 (1991). See, also, *Economy Housing Co. v. Rosenberg*, 239 Neb. 267, 475 N.W.2d 899 (1991) (indicating that attorney had decided that it would be necessary to file lawsuit).

## CONCLUSION

Boyle failed to create an issue of material fact concerning Welsh's alleged negligence. Accordingly, we conclude that the

trial court properly granted Welsh's motion for summary judgment. We reverse the judgment of the Court of Appeals and remand the cause with directions to remand the cause to the district court for dismissal.

REVERSED AND REMANDED WITH DIRECTIONS.

MCCORMACK and MILLER-LERMAN, JJ., not participating.