IN THE NEBRASKA COURT OF APPEALS

## MEMORANDUM OPINION AND JUDGMENT ON APPEAL
### (Memorandum Web Opinion)


CACH, LLC v. deNourie


NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).


CACH, LLC, APPELLEE,

V.

JON deNOURIE, APPELLANT.


Filed January 17, 2017.    No. A-15-1034.


Appeal from the District Court for Douglas County, W. RUSSELL BOWIE III, Judge, on appeal thereto from the County Court for Douglas County, DEREK R. VAUGHN, Judge. Judgment of District Court affirmed.

Jerrold L. Strasheim for appellant.

John T. Rogers for appellee.


MOORE, Chief Judge, and INBODY and PIRTLE, Judges.

INBODY, Judge.

### INTRODUCTION

Jon deNourie appeals from an order of the district court for Douglas County affirming the county court's award of summary judgment in favor of CACH, LLC.

### STATEMENT OF FACTS

CACH filed a complaint in county court on April 4, 2012, against deNourie, claiming that deNourie obtained credit and borrowed money from HSBC Consumer Lending USA, that deNourie was in default for failing to make payments on the money borrowed, and that HSBC assigned its account claim to CACH.

On October 28, 2012, the county court issued an order to show cause and provided that the action would be dismissed in 30 days from the date of the order unless good cause was shown.

CACH filed a response to the order to show cause on November 30 and, on the same day, the county court cancelled the order to show cause and retained the case on the active docket. On July 29, 2013, the county court issued a second order to show cause, again stating that the action would be dismissed in 30 days from the date of the order unless good cause was shown.

In May 2014, CACH filed a motion for summary judgment. The hearing on the motion for summary judgment took place in September. At the hearing, CACH offered exhibits 10, 11, and 12, which consisted mostly of affidavits. However, exhibit 12 included documents showing: a personal credit line account between Beneficial Nebraska and deNourie with deNourie's signature; a loan summary line of credit between Beneficial Nebraska and deNourie with deNourie's signature; a preauthorized loan voucher between Beneficial Nebraska and deNourie with deNourie's signature; and an assignment and bill of sale between HSBC, as the managing company for Beneficial Nebraska, to CACH. deNourie objected to the exhibits and the county court reserved ruling on their admissibility. deNourie also provided an affidavit in which he denied obtaining a credit card or receiving a loan from HSBC, obtaining credit from CACH, or being in a business relationship with HSBC or CACH. deNourie also included an unsigned copy of the request for admission along with his affidavit. The county court allowed counsel to submit briefs and took the matter under advisement.

On November 25, 2014, the court admitted exhibits 10, 11, and 12, stating that the exhibits qualified as business records under Neb. Rev. Stat. § 27-803(5)(b) (Cum. Supp. 2014). Moreover, the county court determined that deNourie entered into an agreement with Beneficial Nebraska, that HSBC is the managing company of Beneficial Nebraska, and that CACH "provided sufficient and competent evidence to show that HSBC is the managing company of Beneficial who by a valid assignment assigned this claim for collection to [CACH]." The county court determined CACH made a prima facie case establishing it was entitled to judgment as a matter of law, deNourie did not offer sufficient evidence to show the existence of a material fact, and granted CACH's motion for summary judgment.

In December 2014, deNourie appealed the county court's decision to the district court which affirmed the entry of summary judgment in favor of CACH. deNourie has now timely appealed to this court.

ASSIGNMENTS OF ERROR

On appeal, deNourie's assignments of error, consolidated and restated, are that the district court erred in affirming the county court's award of summary judgment because (1) the county court lacked subject matter jurisdiction to grant summary judgment; (2) the cause of action pled in the complaint is different than the cause on which summary judgment was granted; (3) there was a genuine issue of material fact; (4) evidence in support of the motion for summary judgment was admitted erroneously; and (5) the district court erroneously made findings of fact.

STANDARD OF REVIEW

The district court and higher appellate courts generally review appeals from the county court for error appearing on the record. *Griffith v. Drew's LLC*, 290 Neb. 508, 860 N.W.2d 749 (2015). When reviewing a judgment for errors appearing on the record, the inquiry is whether the

decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *Id.* In instances when an appellate court is required to review cases for error appearing on the record, questions of law are nonetheless reviewed de novo on the record. *Id.*

An appellate court will affirm a lower court's grant of summary judgment if the pleadings and admitted evidence show that there is no genuine issue as to any material facts or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Edwards v. Hy-Vee*, 294 Neb. 237, 883 N.W.2d 40 (2016). In reviewing a summary judgment, an appellate court views the evidence in the light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *Strode v. City of Ashland*, 295 Neb. 44, 886 N.W.2d 293 (2016).

The exercise of the power to dismiss a matter for lack of prosecution rests in the sound discretion of the trial court, whose ruling will not be disturbed on appeal in the absence of a showing of an abuse of discretion. *Marcuzzo v. Bank of the West*, 290 Neb. 809, 862 N.W.2d 281 (2015).

In proceedings where the Nebraska Evidence Rules apply, the admissibility of evidence is controlled by such rules; judicial discretion is involved only when the rules make discretion a factor in determining admissibility. *Pierce v. Landmark Mgmt. Group*, 293 Neb. 890, 880 N.W.2d 885 (2016). When the Nebraska Evidence Rules commit the evidentiary question at issue to the discretion of the trial court, an appellate court reviews the admissibility of evidence for an abuse of discretion. *Id.*

## ANALYSIS

### SUBJECT MATTER JURISDICTION OF COUNTY COURT

deNourie contends the county court lacked subject matter jurisdiction to grant CACH's motion for summary judgment because CACH did not timely respond to the two show cause orders within 30 days. deNourie contends CACH untimely responded to the first show cause order and failed to respond at all to the second show cause order, resulting in a dismissal by operation of law.

When a cause is dismissed for want of prosecution, a dismissal order must be entered following the issuance of an order to show cause. See *A. Hirsh, Inc. v. National Hair Co.*, 210 Neb. 397, 315 N.W.2d 236 (1982) (trial court granting plaintiff's motion to vacate the dismissal order was an abuse of discretion, as an order to show cause was filed followed by the entry of a dismissal order for want of prosecution well after the time plaintiff was required to show cause). The exercise of the power to dismiss a matter for lack of prosecution rests in the sound discretion of the trial court. *Marcuzzo v. Bank of the West, supra.* Trial courts possess the inherent power, independent of any statute or court rule, to dismiss a case for failure to prosecute with due diligence. *Roemer v. Maly*, 248 Neb. 741, 539 N.W.2d 40 (1995).

Although the county court filed two orders to show cause for lack of prosecution, in its discretion, the county court chose not to exercise its power to dismiss the matter for lack of prosecution. Rather, in its November 30, 2012, order, the county court cancelled the initial October 28 order to show cause, retained the case on the active trial docket, and did not enter an order of

dismissal. Additionally, the county court did not enter an order of dismissal following the issuance of the July 29, 2013, order to show cause. The district court noted in its findings that the clerk of court did not take any action to dismiss the case following the orders to show cause. As it was within the county court's discretion to dismiss the case for lack of prosecution, the show cause orders did not automatically dismiss the case 30 days after they were issued, and deNourie's assignment of error is without merit.

DIFFERENCES IN CAUSES OF ACTION BETWEEN
COMPLAINT AND SUMMARY JUDGMENT

deNourie argues that the motion for summary judgment granted by the county court was not within the issues framed by the initial pleadings. deNourie claims that CACH's initial cause of action was that it was the assignee of a purported claim against HSBC to CACH, but that the county court's granting of summary judgment was based on the cause of action that CACH was the assignee of a claim from Beneficial Nebraska.

In its review of the county court case, the district court summarized that CACH's initial complaint was a collection action; that Beneficial Nebraska loaned money to deNourie; that HSBC is the parent/managing company of Beneficial Nebraska; the loan agreement lists Beneficial Nebraska and deNourie; and deNourie does not deny that his signature appears on the loan agreement, but denies that he ever borrowed from CACH or HSBC. More simply, the district court provided that CACH's complaint alleges that deNourie "borrowed money from [CACH]'s assignor [HSBC], which the evidence on the motion for summary judgment shows, is the parent/managing company of Beneficial Nebraska." The district court relied on Neb. Rev. Stat. § 25-302 (Reissue 2008), which provides that "[a]n assignee of a thing in action may maintain an action in the assignee's own name and behalf, without the name of the assignor."

We agree with the district court's summation and its determination based on § 25-302. In our review of the record, it is clear that HSBC is the parent company to Beneficial Nebraska and that the claim for collection was assigned to CACH. As CACH was the assignee of the claim for collection, it was within CACH's right to maintain an action without the name of HSBC or Beneficial Nebraska. Therefore, we determine that the motion for summary judgment granted by the county court was within the issues framed by the initial pleadings and deNourie's assignment of error is meritless.

GENUINE ISSUE OF MATERIAL FACT

deNourie claims that there was a genuine issue of material fact regarding whether CACH was the assignee of his debt because the proof offered by CACH to the trial court did not show any credit extended by HSBC to him. deNourie argues that the proof offered by CACH to the trial court showed a supposed contract and account assignment between him and Beneficial Nebraska. deNourie claims the county court's decision was reversible error because he submitted an affidavit to the county court that he had never been in a business relationship with, or obtained credit from, HSBC and that he responded properly to CACH's discovery requests.

As noted previously, the pleadings and admitted evidence show that there is no genuine issue as to any material facts or ultimate inference from those facts that Beneficial Nebraska

entered into an agreement with and loaned money to deNourie, that HSBC is the parent and managing company of Beneficial Nebraska, and that HSBC assigned the claim of collection to CACH. Therefore, we affirm the lower court's granting of the motion for summary judgment and determine that deNourie's assignment of error is without merit.

ADMITTED EVIDENCE

deNourie disputes the admission of exhibits 10, 11, and 12, under the business records exception to the hearsay rule. deNourie contends that exhibits 10 and 12 were not business records, as they were affidavits of individuals.

Neb. Rev. Stat. § 25-1334 (Reissue 2008) provides that "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."

Neb. Rev. Stat. § 27-803(5) provides an exception to the hearsay rule for business records kept in the ordinary course of business. Under § 27-803(5)(b), the following items are not excluded by the hearsay rule:

> A memorandum, report, record, or data compilation, in any form, of acts, events, or conditions, other than opinions or diagnoses, that was received or acquired in the regular course of business by an entity from another entity and has been incorporated into and kept in the regular course of business of the receiving or acquiring entity; that the receiving or acquiring entity typically relies upon the accuracy of the contents of the memorandum, report, record, or data compilation; and that the circumstances otherwise indicate the trustworthiness of the memorandum, report, record, or data compilation, as shown by the testimony of the custodian or other qualified witness[.]

The party seeking admission of a business record under this hearsay rule exception bears the burden of establishing the components of the following three-part test: First, the proponent must establish that the activity recorded is of a type that regularly occurs in the course of the business' day-to-day activities. *Hoelck v. ICI Americas, Inc.*, 7 Neb. App. 622, 584 N.W.2d 52 (1998). Second, the proponent must establish that the record was made as part of a regular business practice at or near the time of the event recorded. *Id.* Finally, the proponent must authenticate the record by a custodian or other qualified witness. *Id.*

In this instance, exhibits 10 and 12 were included as affidavits in support of the motion for summary judgment to establish that the additional documents included with exhibit 12 are the type of records maintained in CACH's day-to-day business activities near the time of the events recorded and that the individuals signing the affidavits are custodians of those records. Therefore, exhibits 10 and 12 were properly admitted and deNourie's assignment of error regarding the admissibility of exhibits 10 and 12 is without merit.

deNourie also claims that exhibit 11 was inappropriately admitted using the business records exception to the hearsay rule. This exhibit consists of CACH's attorney's affidavit in support of the motion for summary judgment and includes CACH's first set of requests for admissions, interrogatories, and requests for production of documents. The request for admissions

was previously filed on April 4, 2012, is part of the transcript, and, based on the affidavit, is provided to show that deNourie was served with the request and failed to answer. Although exhibit 11 was inappropriately admitted under the business records exception to the hearsay rule, the exhibit's admission was harmless error because the request for admissions document was already contained in the transcript and there were no answers contained in our record to the request for admissions. However, since the request for admissions document is in the transcript rather than the bill of exceptions, we will disregard this exhibit in our review of the case.

### DISTRICT COURT'S FINDINGS

Finally, deNourie argues that the district court inappropriately made findings of fact by determining that he did not answer requests for admission served by CACH with its complaint because it is disputed by him in his affidavit. Specifically, deNourie claims that the affidavit he provided to the court, which was received into evidence, denies that he originated any debt with HSBC and that he provided a proper response to CACH's discovery request.

deNourie appears to be referring to the district court's determination that "there is no evidence that [deNourie] ever executed and returned [CACH]'s requests for admission. While there are answers to the requests for admission, they are not signed, and there is no evidence that they ever were."

Statements in affidavits as to opinion, belief, or conclusions of law are of no effect, and mere formal denials or general allegations which do not show the facts in detail and with precision are insufficient to prevent the award of summary judgment. *Boyle v. Welsh*, 256 Neb. 118, 589 N.W.2d 118 (1999). deNourie's affidavit consists of paragraphs where he denies obtaining a credit card or receiving a loan from HSBC, that he never obtained credit from CACH, and that he has never been in a business relationship with HSBC or CACH. deNourie also includes an alleged copy of his answer to CACH'S request for admission along with his affidavit, but it is, as the district court noted, unsigned. Moreover, in our review of the case, there is no indication that a similar document was ever filed by deNourie. A party moving for summary judgment makes a prima facie case for summary judgment by producing enough evidence to demonstrate that the movant is entitled to judgment if the evidence were uncontroverted at trial. *Cisneros v. Graham*, 294 Neb. 83, 881 N.W.2d 878 (2016). Once the moving party makes a prima facie case, the burden shifts to the party opposing the motion to produce admissible contradictory evidence showing the existence of a material issue of fact that prevents judgment as a matter of law. *Id*. Because the statements found within deNourie's affidavit were not sufficient to show the existence of a material issue of fact, the district court did not err in affirming the county court's award of summary judgment.

### CONCLUSION

We find the district court did not err in affirming the county court's award of summary judgment as it was supported by competent evidence, conforms to the law, and was neither arbitrary, capricious, nor unreasonable.

AFFIRMED.