691 N.W.2d 147 (2005)
269 Neb. 222
Darlene BRUNKHARDT and Justin Brunkhardt, wife and husband, appellants,
v.
MOUNTAIN WEST FARM BUREAU MUTUAL INSURANCE COMPANY, appellee.
No. S-03-1087.
Supreme Court of Nebraska.
January 28, 2005.
*150 Harry R. Meister, of Meister & Segrist, P.C., Scottsbluff, for appellants.
Kay Lynn Bestol and Paul Kapp, of Sundahl, Powers, Kapp & Martin, Cheyenne, WY, for appellee.
HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.
CONNOLLY, J.
Darlene Brunkhardt and Justin Brunkhardt, wife and husband, appeal the district court's order dismissing their complaint seeking underinsured motorist benefits against Mountain West Farm Bureau Mutual Insurance Company (Mountain West). The court dismissed the complaint for lack of personal jurisdiction. We affirm because Mountain West lacked sufficient contacts in Nebraska to confer personal jurisdiction.

BACKGROUND
In January 2001, Darlene, a Wyoming resident, was injured in a motor vehicle collision in Scotts Bluff County, Nebraska. The Brunkhardts later settled with the tort-feasor's insurance company. They next unsuccessfully sought underinsured motorist benefits from Mountain West and filed this action. Mountain West moved to dismiss for lack of personal jurisdiction.
The facts presented on the motion to dismiss are undisputed. Mountain West is located in Laramie, Wyoming, and sells insurance in Wyoming and Montana; it is not authorized or licensed to do business in Nebraska and has never sold insurance in Nebraska; it does not have property, employees, bank accounts, offices, telephone listings, or an agent for service of process in Nebraska; it has never advertised or solicited business in Nebraska; and it does not derive income from Nebraska.
Darlene lives in Wyoming and purchased her insurance in Wyoming, but regularly commutes to work in Nebraska. Her Mountain West agent was aware that she worked in Nebraska. The Brunkhardts presented evidence of two letters Mountain West sent to their attorney in Nebraska concerning this action. They also presented evidence about a Nebraska accident in 2001 involving their son. Regarding that accident, Mountain West sent two letters to a Nebraska attorney concerning its subrogation interest. The record contains evidence that when an insured is involved in an out-of-state accident, including Nebraska, Mountain West will sometimes demand that parties in the foreign state reimburse it. No lawsuits, however, have been filed because of those requests. Finally, the Brunkhardts presented evidence that on one occasion, Mountain West was sued in Nebraska and it defended the action.
*151 The district court found that Mountain West did not have sufficient contacts with Nebraska to support the exercise of personal jurisdiction and dismissed the complaint.

ASSIGNMENTS OF ERROR
The Brunkhardts assign, rephrased, that the district court erred by dismissing their complaint for lack of personal jurisdiction.

STANDARD OF REVIEW
When a jurisdictional question does not involve a factual dispute, determination of a jurisdictional issue is a matter of law which requires an appellate court to determine the matter independently of the trial court. Diversified Telecom Servs. v. Clevinger, 268 Neb. 388, 683 N.W.2d 338 (2004); Quality Pork Internat. v. Rupari Food Servs., 267 Neb. 474, 675 N.W.2d 642 (2004).
When reviewing questions of law, an appellate court has an obligation to resolve the questions independently of the conclusion reached by the trial court. Blue Cross and Blue Shield v. Dailey, 268 Neb. 733, 687 N.W.2d 689 (2004).

ANALYSIS
The Brunkhardts argue that Mountain West had sufficient contacts with Nebraska for the court to exercise personal jurisdiction. They point to Mountain West's communications with Nebraska attorneys and the agent's knowledge that Darlene regularly commuted to work in Nebraska. Mountain West, however, argues that any contacts with Nebraska were the result of the unilateral actions of others and are insufficient to establish minimum contacts for the exercise of personal jurisdiction.

LONG-ARM STATUTE
Before a court can exercise personal jurisdiction over a nonresident defendant, the court must determine, first, whether the long-arm statute is satisfied and, if the long-arm statute is satisfied, second, whether minimum contacts exist between the defendant and the forum state for personal jurisdiction over the defendant without offending due process. Kugler Co. v. Growth Products Ltd., 265 Neb. 505, 658 N.W.2d 40 (2003). Nebraska's long-arm statute provides: "A court may exercise personal jurisdiction over a person ... (2) Who has any other contact with or maintains any other relation to this state to afford a basis for the exercise of personal jurisdiction consistent with the Constitution of the United States." Neb.Rev.Stat. § 25-536 (Reissue 1995). Nebraska's long-arm statute, § 25-536, extends Nebraska's jurisdiction over nonresidents having any contact with or maintaining any relation to this state as far as the U.S. Constitution permits. Diversified Telecom Servs. v. Clevinger, supra. Thus, we next address whether Mountain West had sufficient contacts with Nebraska so that the exercise of personal jurisdiction would not offend federal principles of due process.

MINIMUM CONTACTS
If the long-arm statute has been satisfied, a court must then determine whether minimum contacts exist between the defendant and the forum state for personal jurisdiction over the defendant without offending due process. Quality Pork Internat. v. Rupari Food Servs., supra. To subject an out-of-state defendant to personal jurisdiction in a forum court, due process requires that the defendant have minimum contacts with the forum state so as not to offend traditional notions of fair play and substantial justice. Diversified Telecom Servs. v. Clevinger, 268 Neb. 388, 683 N.W.2d 338 (2004). The benchmark for determining if the exercise *152 of personal jurisdiction satisfies due process is whether the defendant's minimum contacts with the forum state are such that the defendant should reasonably anticipate being haled into court there. Id.
A personal jurisdiction analysis requires a court to consider the quality and nature of the defendant's activities to ascertain whether the defendant has the necessary minimum contacts with the forum to satisfy due process. Id. Two types of personal jurisdiction may be exercised depending upon the facts and circumstances of the case: general personal jurisdiction or specific personal jurisdiction. In the exercise of general personal jurisdiction, the plaintiff's claim does not have to arise directly out of the defendant's contacts with the forum state if the defendant has engaged in "`continuous and systematic general business contacts'" with the forum state. Quality Pork Internat. v. Rupari Food Servs., 267 Neb. 474, 483, 675 N.W.2d 642, 650 (2004), quoting Helicopteros Nacionales de Colombia v. Hall, 466 U.S. 408, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). If the defendant's contacts are neither substantial nor continuous and systematic, but the cause of action arises out of or is related to the defendant's contact with the forum, a court may assert specific jurisdiction over the defendant, depending on the quality and nature of such contact. Id.
Here, general personal jurisdiction is not at issue. Mountain West did not have continuous and systematic general business contacts with residents of the state. It has not transacted business in the state, and its contacts have been limited to a small number of responses to claims initiated in the state. Thus, the question is whether specific acts of Mountain West are sufficient to allow the district court to exercise jurisdiction. We determine that Mountain West's limited contacts with Nebraska residents are not sufficient to confer personal jurisdiction.
Whether a forum state court has personal jurisdiction over a nonresident defendant depends on whether the defendant has acted in a manner which creates substantial connections with the forum state, resulting in the defendant's purposeful availment of the benefits and protections of the law of the forum state. See Diversified Telecom Servs. v. Clevinger, supra. Contacts created by another's unilateral acts are insufficient to confer jurisdiction. Id.
Under a personal jurisdiction analysis, the unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum state. Diversified Telecom Servs. v. Clevinger, supra. Thus, when an insured travels to another state, his or her presence in the state is unilateral and does not serve to create purposeful contacts between the insurer and the state. See Batton v. Tennessee Farmers Mut. Ins. Co., 153 Ariz. 268, 736 P.2d 2 (1987). It has also been held that the requisite minimum contacts are not established when the plaintiff's actions require the insurer to send communications into the forum. Id., citing Hunt v. Erie Ins. Group, 728 F.2d 1244 (9th Cir.1984).
Also, other jurisdictions have considered whether the act of insuring a person who travels to another state is sufficient to create a substantial connection with the forum state, resulting in the defendant's purposeful availment of the benefits and protections of the law of the state. Generally, those jurisdictions hold that the act of insuring a person who might travel to a nearby state is insufficient to find that the insurer purposely directed its activities at the forum state. See, e.g., Ex Parte Georgia Farm Bureau Mut. Auto. Ins. Co., 889 *153 So.2d 545, (Ala.2004) (not yet released for publication); Batton v. Tennessee Farmers Mut. Ins. Co., supra; Tennessee Farmers Mut. Ins. v. Harris, 833 S.W.2d 850 (Ky.App.1992); Zimmerman v. American Inter-Insurance Exch., 386 N.W.2d 825 (Minn.App.1986); United Farm Bur. Mut. Ins. v. U.S. Fid. & Guar., 501 Pa. 646, 462 A.2d 1300 (1983).
Here, all of Mountain West's Nebraska contacts were the result of others' unilateral actions. Although Darlene drove her automobile in Nebraska, the policy was issued in Wyoming. That the agent knew that Darlene would travel to Nebraska does not constitute purposeful contact with Nebraska. Also, when Mountain West contacted the Nebraska attorneys, it was in response to claims filed on policies issued in other states. The record does not show any action where Mountain West initiated the transaction of business in Nebraska. Instead, it responded to insurance issues that were initiated by its insureds. Nothing in the record supports a conclusion that Mountain West acted in a manner that would support a conclusion that it was actively conducting business in the state. Under these circumstances, when the insurance contract was issued in Wyoming by a Wyoming company to another Wyoming resident and when contacts with the forum are the result of others' unilateral actions, the contacts are not sufficient to exercise personal jurisdiction over the defendant.

CONCLUSION
Mountain West lacks sufficient minimum contacts with the state for the court to exercise personal jurisdiction. Accordingly, we affirm.
AFFIRMED.