JERRY STEVENS AND CYNTHIA STEVENS, APPELLANTS,
V. DOWNING, ALEXANDER, WOOD & ILG,
A PARTNERSHIP, ET AL., APPELLEES.

693 N.W.2d 532

Filed February 25, 2005.   No. S-03-782.

Arlan G. Wine for appellant.

Terry J. Grennan, of Cassem, Tierney, Adams, Gotch & Douglas, for appellees.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

McCORMACK, J.

## NATURE OF CASE

The district court for Sarpy County granted summary judgment in favor of the appellees, Downing, Alexander, Wood & Ilg; Nebraska Law Offices, P.C.; Shawn M. Ilg; and Ilg, P.C., L.L.O., and dismissed the legal malpractice claim of the appellants, Jerry Stevens and Cynthia Stevens, after determining the appellants

were not the real parties in interest. The appellants perfected this appeal, which we removed to our docket pursuant to our authority to regulate the caseloads of the appellate courts of this state. See Neb. Rev. Stat. § 24-1106(3) (Reissue 1995). We affirm.

## BACKGROUND

From October 1997 until April 2000, the appellants were represented by Ilg. Ilg initially represented the appellants with respect to a loan payment default and an upcoming balloon payment. He later represented them with respect to the filing and prosecution of a chapter 12 bankruptcy case, which offers reorganization protection for farmers. See 11 U.S.C. § 1201 et seq. (2000 & Supp. II 2002). During most of the appellants' representation by Ilg, Ilg was associated with the law firm of Downing, Alexander, Wood & Ilg. However, in December 1999, Ilg left that firm and is currently an attorney with the defendant law firm Ilg, P.C., L.L.O. Since January 2000, the firm of Downing, Alexander, Wood & Ilg has been known as Downing, Alexander & Wood.

In February 1998, the appellants filed for chapter 12 bankruptcy protection, and in February 1999, the appellants' third amended bankruptcy plan was confirmed. According to the appellees, the appellants' bankruptcy is still ongoing. In April 2000, Ilg withdrew as the appellants' attorney and the appellants retained new counsel. In 2002, the appellants filed on their own behalf the present legal malpractice action. In their petition, and the amended petition that followed, the appellants alleged that the appellees were negligent in their representation of the appellants prior to the filing of the bankruptcy petition by advising the appellants to cease making payments on their home mortgage because the debt would be restructured under the bankruptcy and that the attorneys delayed the filing of the bankruptcy petition for over 3 months. The petition also alleges the appellees were negligent following the filing of the petition in a number of respects relating to the prosecution of the bankruptcy proceeding. In their answer, the appellees asserted as affirmative defenses that the appellants were not the real parties in interest and that the amended petition failed to state a cause of action against the appellees.

Thereafter, the appellees filed a motion for summary judgment claiming the appellants "are not the real parties in interest and

not vested with the purported causes of action set forth in their Amended Petition." The district court agreed and granted summary judgment in favor of the appellees. Relying on *Pappas v. Sommer*, 240 Neb. 609, 483 N.W.2d 146 (1992), the district court concluded that the malpractice action belonged to the bankruptcy estate and that, therefore, the appellants were not the proper parties in interest to bring the claim.

## ASSIGNMENTS OF ERROR

The appellants allege that the district court erred in (1) holding that the appellants had no standing to bring forth the lawsuit in their own names and (2) sustaining the appellees' motion for summary judgment and dismissing the case.

## STANDARD OF REVIEW

█ The determination of a jurisdictional issue which does not involve a factual dispute is a matter of law which requires an appellate court to determine the matter independently of the trial court. *Brunkhardt v. Mountain West Farm Bureau Mut. Ins.*, ante p. 222, 691 N.W.2d 147 (2005).

█ When reviewing questions of law, an appellate court has an obligation to resolve the questions independently of the conclusions reached by the trial court. *Id.*

█ In reviewing a summary judgment, an appellate court views the evidence in a light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *Blue Cross and Blue Shield v. Dailey*, 268 Neb. 733, 687 N.W.2d 689 (2004); *Woodhouse Ford v. Laflan*, 268 Neb. 722, 687 N.W.2d 672 (2004).

## ANALYSIS

On appeal, the appellants argue that the district court erred in (1) holding that the appellants had no standing to bring forth the lawsuit in their own names and (2) sustaining the appellees' motion for summary judgment and dismissing the case. The appellants argue that after the confirmation of their bankruptcy plan, the property of the bankruptcy estate, including any causes of action, revested in them. The appellants claim that as a result of the revesting of property, they are the real parties in interest to bring the malpractice action. The appellants concede, however,

that any damages recovered would be subject to claims of their creditors. The appellees argue that the appellants' "revesting" argument is without merit because the appellants did not disclose the cause of action as an asset to the bankruptcy court.

The appellants contend that the district court erred in dismissing their malpractice action on the basis that they are not the proper parties in interest. Neb. Rev. Stat. § 25-301 (Cum. Supp. 2004) provides that subject to an exception not involved in this case, "[e]very action shall be prosecuted in the name of the real party in interest . . . ." See, also, *Governor's Policy Research Office v. KN Energy*, 264 Neb. 924, 652 N.W.2d 865 (2002). We have stated:

> " 'To determine whether a party is a real party in interest, the focus of the inquiry is whether that party has standing to sue due to some real interest in the cause of action, or a legal or equitable right, title, or interest in the subject matter of the controversy.' "

*Id.* at 931, 652 N.W.2d at 870. " 'The purpose of the inquiry is to determine whether the party has a legally protectable interest or right in the controversy that would benefit by the relief to be granted.' " *Eli's, Inc. v. Lemen*, 256 Neb. 515, 527, 591 N.W.2d 543, 552 (1999).

The question of whether a party who commences an action has standing and is therefore the real party in interest is jurisdictional. *Id.* The requirement of standing is fundamental to a court's exercise of jurisdiction, and either a litigant or a court before which a case is pending can raise the question of standing at any time during the proceeding. *Governor's Policy Research Office v. KN Energy, supra.*

The appellants claim that upon the confirmation of their chapter 12 bankruptcy plan, the property of the bankruptcy estate, including any causes of action, revested in them. As a result of the revesting of the property, the appellants claim they are parties in interest with respect to the present malpractice suit. We disagree.

Federal law determines the scope of a debtor's bankruptcy estate. *In re Segerstrom*, 247 F.3d 218 (5th Cir. 2001). State law determines only whether a cause of action accrued to the debtor as of the commencement of the bankruptcy case; once that determination has been made, federal law controls whether the

trustee can maintain a cause of action on behalf of the bankruptcy estate. *Id.* Federal law provides that when a legal malpractice cause of action has accrued to the debtor as of the commencement of the bankruptcy case, it becomes part of the bankruptcy estate. *Id.*

Under title 11 of the U.S. Code, when a debtor files a voluntary petition in the bankruptcy court, the debtor is divested of all his or her assets and the assets are transferred to the bankruptcy estate. 11 U.S.C. § 541(a) (2000). As stated in § 541(a)(1), the bankruptcy estate consists of "all legal or equitable interests of the debtor in property as of the commencement of the case." The reference in § 541(a)(1) to "legal or equitable interests" includes any causes of action belonging to the debtor at the time the bankruptcy case is commenced. See, *In re Segerstrom, supra*; *In re Alvarez*, 224 F.3d 1273 (11th Cir. 2000); *Pappas v. Sommer*, 240 Neb. 609, 483 N.W.2d 146 (1992). Additionally, with respect to chapter 12 bankruptcy, the property of the estate also includes "all property of the kind specified in [§ 541] that the debtor acquires after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7 of this title, whichever occurs first." 11 U.S.C. § 1207(a)(1). Thus, under a chapter 12 bankruptcy proceeding, when a cause of action accrued to a debtor is immaterial to the determination of whether the claim is part of the bankruptcy estate, so long as the case has not been closed, dismissed, or converted to a chapter 7 bankruptcy. There is no evidence in the record of this case that the appellants' bankruptcy case has been closed, dismissed, or converted. Consequently, we conclude that the present malpractice claim is the property of the bankruptcy estate.

Having determined that the appellants' malpractice claim is the property of the bankruptcy estate, we must determine whether the appellants can bring the cause of action in their own names. We have previously addressed whether a debtor has standing to bring a cause of action in his or her own name when the cause of action accrues before the bankruptcy petition was filed. In *Pappas v. Sommer, supra*, we held that the debtors did not have standing to bring their legal malpractice claim which accrued prior to the filing of their bankruptcy petition because the cause of action was the property of the bankruptcy estate and that thus, the trustee, not the debtor, was the proper party to litigate the claim. We similarly

conclude that under the circumstances of this case, the appellants do not have standing to bring this cause of action and, therefore, are not the real parties in interest.

Once a cause of action becomes the property of the bankruptcy estate, it remains so unless abandoned by the estate. 11 U.S.C. § 554(d) (2000). Abandonment is the divestiture of the bankruptcy estate's interest in the property, and once abandoned, a debtor's rights to the property are treated as if no bankruptcy petition was filed. 5 Collier on Bankruptcy § 554.02[3] (15th ed. 2004). In order for property of the bankruptcy estate to be abandoned, notice of the proposed abandonment must be given and a hearing held on any timely objections to the abandonment. 11 U.S.C. § 554(a); Fed. R. Bankr. P. & Off. Bankr. Forms 6007. Alternatively, property may be abandoned where it has been scheduled under 11 U.S.C. § 521(1) (2000) and has not been administered when the bankruptcy case is closed. 11 U.S.C. § 554(c). "Abandonment presupposes knowledge." 5 Collier on Bankruptcy, *supra*, § 554.03 at 554-13. Where property has not been scheduled by a debtor or disclosed to creditors, there can be no abandonment of the property. See, *Vreugdenhill v. Navistar Intern. Transp. Corp.*, 950 F.2d 524 (8th Cir. 1991); 5 Collier on Bankruptcy, *supra*, § 554.03. In *Vreugdenhill*, the court held that under the federal Bankruptcy Code, the debtor must formerly schedule the property before the close of the case for the property to be abandoned by operation of law.

In the present case, there was no abandonment of the appellants' malpractice claim pursuant to § 554(a). There was also no abandonment under § 554(d), since the appellants' bankruptcy case remains open; nor could there have been an abandonment, because the appellants failed to schedule the claim as an asset. We conclude, therefore, that the cause of action belongs to the bankruptcy estate and that the appellants have no standing to bring the lawsuit.

In reaching this conclusion, we reject the appellants' argument that upon confirmation of their bankruptcy plan, the present cause of action revested in them, making them the proper parties to bring the claim. A debtor seeking protection under the bankruptcy laws must disclose to the bankruptcy court all assets or potential assets. See 11 U.S.C. §§ 521(1) and 541(a)(7). This duty

is a continuing one that does not end once the forms are submitted to the court. See *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282 (11th Cir. 2002). Here, the appellants did not disclose the malpractice claim as an asset to the bankruptcy court and therefore the claim could not revest in them. See *Valley Federal Sav. Bank v. Anderson*, 612 N.E.2d 1099 (Ind. App. 1993).

## CONCLUSION

For the foregoing reasons, we affirm the decision of the district court.

AFFIRMED.