IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**


MEHNER V. MAXELL


NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).


MARK A. MEHNER, APPELLANT,

V.

BENJAMIN E. MAXELL ET AL., APPELLEES.


Filed November 23, 2021.    No. A-20-909.


Appeal from the District Court for Douglas County: J. MICHAEL COFFEY, Judge. Vacated and dismissed.

Joshua D. Barber and Terry K. Barber, of Barber & Barber, P.C., L.L.O, for appellant.

Henry W. Frampton IV, Earl G. Greene III, and A. Victor Rawl, Jr., of Gordon & Rees, L.L.P, for appellee Christopher A. Pfanstiel.

Ronald F. Krause and Michael R. Faz, of Cassem, Tierney, Adams, Gotch & Douglas, for appellees Benjamin E. Maxell, Pamela Hogenson Govier, and Govier Katskee Suing & Maxell, P.C., L.L.O., and Does 1-100, inclusive.


PIRTLE, Chief Judge, and WELCH, Judge.

WELCH, Judge.

## I. INTRODUCTION

Mark A. Mehner appeals the order of the Douglas County District Court which granted summary judgment in favor of Benjamin E. Maxell; Pamela Hogenson Govier; Govier Katskee Suing & Maxell, P.C., L.L.O. (law firm); and Does 1-100 inclusive, and dismissed his claim for legal malpractice. Mehner contends that the court erred in granting summary judgment; erroneously dismissing Christopher A. Pfanstiel from the action due to lack of timely service of process; and denying his motion to recuse. For the reasons set forth herein, we find that the district

- 1 -

court lacked jurisdiction over this case and thus, we vacate the district court's order and dismiss this appeal for lack of jurisdiction.

## II. STATEMENT OF FACTS

In February 2019, Mehner, acting pro se, commenced a professional negligence action against Maxell, Pfanstiel, Govier, the law firm, and numerous unidentified individuals identified as Does 1-100 alleging acts of legal malpractice in connection with the representation by these attorneys in two separate lawsuits: *The Mehner Family Trust, et. al v. U.S. Bank N.A., et al.* and *REO Asset Management Company LLC v. The Mehner Family Trust, et. al*. The nature of those two lawsuits, as relevant to this appeal, are described below.

### 1. PREVIOUS LAWSUITS AND APPEALS

#### (a) U.S. Bank Lawsuit

In March 2014, Pfanstiel filed a lawsuit on behalf of the Mehner Family Trust, et al. against U.S. Bank N.A., et al. (U.S. Bank) in the Douglas County District Court (U.S. Bank Lawsuit) alleging that U.S. Bank and its assignees had repeatedly attempted to wrongfully foreclose on a residential property (subject property) owned by the Mehner Family Trust. Notably, as it relates to the subject property and the parties involved, the plaintiffs' complaint alleged:

8. Plaintiff the Mehner Family Trust . . . is a revocable living trust formed under an amended trust agreement dated October 3, 2005. The [Mehner Family Trust] purchased the real property, more specifically described below, that is the subject of this complaint on November 3, 2005. The real property is located in Douglas County, Nebraska.

9. Plaintiff Raymond H. Mehner [Raymond] . . . is the Trustor and Trustee of the [Mehner Family Trust] and is the present title holder of the real property that is the subject of this Complaint.

10. Plaintiff Barbara A. Mehner [Barbara] . . . is the spouse of [Ronald] and is the co-successor trustee of the [Mehner Family Trust].

11. Plaintiff Mark A. Mehner [Mehner] . . . is the Attorney-in-Fact for [the Mehner Family Trust] and is a resident of Douglas County, Nebraska.

12. Plaintiff Andrea L. Mehner [Andrea] . . . is the spouse of [Mehner] and is the co-successor trustee of the [Mehner Family Trust] and is a resident of Douglas County, Nebraska.

13. Plantiff Anthony Q. Mehner [Anthony] . . . is the son of [Mehner] and [Andrea], the grand-son [sic] of [Raymond] and [Barbara] and a beneficiary of the [Mehner Family Trust], and is a resident of Douglas County, Nebraska.

14. Plaintiff Danielle N. Mehner [Danielle] . . . is the daughter of [Mehner] and [Andrea], the grand-daughter [sic] of [Raymond] and [Barbara] and a beneficiary of the [Mehner Family Trust], and is a resident of Douglas County, Nebraska.

. . . .

39. On September 6, 2005[,] a Purchase Agreement was executed . . . for the purchase of real property situated at 1201 and 1225 N. 138th Circle, Omaha, Nebraska 68154 ([subject] Property) for the amount of $ 1,742,500.

. . . .

41. An application, in the form of a UNIFORM RESIDENTIAL LOAN APPLICATION (URLA) was taken. . . whereby [the Mehner Family Trust] applied for a loan in the amount of $1,750,000 to purchase [the subject] property.

. . . .

44. On or about October 3, 2005[,] Plaintiff [Raymond] created the [Mehner] . . . Revocable Living Trust, in anticipation of the purchase of [the subject] Property, for the benefit of . . . his grandchildren--Plaintiffs [Anthony] and [Danielle].

. . . .

47. On or about November 3, 2005, [Raymond], as Trustor/Trustee and [Barbara], as Successor Trustee for the [Mehner Family Trust], at Wells Fargo Bank in Sioux City, IA, executed two (2) separate Deeds of Trust ("DOT") and two Adjustable Rate Notes in the respective amounts of $1,306,875 (First Note) and $174,250 (Second Note), the proceeds of which . . . were used to purchase [the subject property] . . .

48. On or about November 3, 2005, as security for the First Note, [Raymond], as Trustor/Trustee of the [Mehner Family Trust], and [Barbara] as Successor Trustee of the [Mehner Family Trust], executed and delivered to HomeServices as Lender and Beneficiary their DOT on [the subject property].

The complaint then alleged 11 causes of action based in tort and contract law and challenged the assignment of the deeds of trust and the subsequent alleged wrongful foreclosure of the subject property. We will refer to the plaintiffs in the U.S. Bank Lawsuit as the U.S. Bank Plaintiffs.

After Pfanstiel left the law firm in October 2016, Maxell began representing the U.S. Bank Plaintiffs in the U.S. Bank Lawsuit. In December 2016, the district court granted summary judgment in favor of U.S. Bank and dismissed the U.S. Bank Plaintiff's action with prejudice based upon the court's finding that the U.S. Bank Plaintiffs lacked standing to challenge the assignment of the deeds of trust which was the underlying basis supporting their claims of wrongful foreclosure.

Following the denial of a motion to alter or amend, on February 28, 2017, Maxell filed an entry of appearance and a notice of appeal in the U.S. Bank Lawsuit; however, there was no praecipe for transcript or praecipe for bill of exceptions filed with the notice of appeal. On May 15, Maxell moved to withdraw from the appeal. On May 19, this court ordered that the final due date for appellant's brief was June 30. On May 26, Maxell filed a motion to extend the briefing deadline; this court extended the deadline to June 10. Although this court granted Maxell's motion to withdraw on June 1, Maxell reentered his appearance on June 8 and filed a second motion to extend the filing of the appellant's brief, which request was granted extending the briefing deadline to June 30. However, on June 23, prior to the briefing deadline, the U.S. Bank Plaintiffs fired Maxell.

On June 27, Pfanstiel, who was no longer associated with Maxell's firm, appeared as the U.S. Bank Plaintiffs' counsel. Pfanstiel requested a third extension for filing the appellant's brief on the basis that no bill of exceptions was available. In denying the motion for a third briefing extension, this court noted that, although the U.S. Bank Plaintiffs had filed a notice of appeal on

February 28, they failed to comply with appellate rules by failing to file a praecipe for bill of exceptions until June 12. The U.S. Bank lawsuit appeal was ultimately dismissed by this court on July 3 due to the Plaintiffs' failure to file a brief. On July 7, Pfanstiel moved to reinstate the appeal, which request was denied by this court.

### (b) REO Lawsuit

On July 25, 2015, REO Asset Management LLC filed a lawsuit in the Douglas County District Court against the Mehner Family Trust, Raymond, Barbara, Mehner, Andrea, Anthony, and Danielle (REO Defendants). The complaint alleged that, on November 19, 2015, REO purchased the subject property, which was in foreclosure, at a public auction and sought damages from the REO Defendants based upon unjust enrichment due to the REO Defendants' wrongful possession of the subject property (REO Lawsuit). In September 2016, the district court found that REO was entitled to restitution. The REO Defendants' appeal to this court was dismissed because "[t]he order being appealed from [did] not dispose of all of the claims of all of the parties as the cause of action for damages for unjust enrichment remain[ed] pending. See Neb. Rev. Stat. § 25-1315(1) (Reissue 2016)." Despite the dismissal, the REO Defendants ultimately reached a settlement with REO for $55,000.

### 2. CURRENT LAWSUIT

On February 27, 2019, Mehner, acting pro se, filed the current complaint alleging that Pfanstiel, Maxell, Govier, and the law firm committed malpractice in representing the U.S. Bank Plaintiffs in the U.S. Bank Lawsuit and in representing the REO Defendants in the REO Lawsuit. More particularly, Mehner alleged that he is "the sole surviving beneficiary of the Mehner Family Trust" and that he has been

> informed and believe[s] and thereon allege[s], at all times material hereto, Defendants Maxell, Pfanstiel, Govier, and Does 1 through 100, and each of them, were an employee, servant, or agent of the Defendant Law Firm, acting within the scope of their employment, master-servant, or agency relationship with Defendant Law Firm, while providing *inter alia* legal services, advice, and care to [Mehner]."

(Emphasis supplied.) The district court dismissed Pfanstiel from the lawsuit due to Mehner's failure to serve Pfanstiel within 6 months of the filing of the complaint.

Following the district court's dismissal of Pfanstiel, Mehner filed an amended complaint which included numerous allegations of negligence, breach of contract, and breach of fiduciary duty by the attorney defendants and the law firm (Attorney Defendants). In Count I of the amended complaint, Mehner alleged 9 specific acts of negligence against the Attorney Defendants in connection with the representation of the U.S. Bank Plaintiffs. In Count II of the amended complaint, Mehner alleged 11 specific acts of negligence by the Attorney Defendants in connection with the Attorney Defendants' representation of the REO Defendants. In Count III of the amended complaint, Mehner alleged 17 specific acts of negligence against the Attorney Defendants in connection with the appeal of the U.S. Bank Lawsuit. In Counts IV and V of the amended complaint, Mehner generally averred breach of contract and breach of fiduciary duty on

the part of the individual Attorney Defendants. Mehner included in his amended complaint a general statement that his specific allegations were not a comprehensive or exhaustive list of negligent acts, but rather a highlight of some of the issues relating to the Attorney Defendants' mishandling of legal matters. Mehner's complaint further alleged that the Attorney Defendants had failed to meet ethical obligations, failed to satisfy the standard of care, and as a result, directly and proximately caused harm to Mehner's legal rights in the amount of $5,000,000.

### 3. MOTION TO RECUSE

In October 2019, Mehner filed a motion requesting that the district judge assigned to the case recuse himself because the judge had presided over numerous cases that had involved clients of the Attorney Defendants, had been named as a witness in the matter regarding Mehner's motion to reconsider dismissing Pfanstiel, and that the judge had a predisposition towards the Attorney Defendants preventing the judge from being impartial. Mehner also alleged that 3 other named district court judges who were not presently assigned to the case were "aware of the opinions held by the attorneys that handled the matter . . . and assessed the actions of the attorneys and heard comments made by the parties and their attorneys both on and off the record." Mehner asserted that "a fair and impartial trial" could not be held in the Fourth Judicial District and requested either the appointment of a district court judge from another judicial district or a change of venue. The court overruled the motion to recuse.

### 4. MOTION FOR SUMMARY JUDGMENT

In September 2020, the Attorney Defendants filed a motion for summary judgment alleging that there was no genuine issue of material fact and that the Attorney Defendants were entitled to judgment as a matter of law. At the hearing thereon, the Attorney Defendants' offered, and the court received, into evidence: an affidavit of attorney Ronald F. Krause with attachments; Maxell's affidavit and attachment; and attorney John M. Walker's affidavit and attachments. In response, Mehner offered his own affidavit; an affidavit by attorney Terry Barber; Maxell's deposition; Pfanstiel's deposition; and an affidavit and report of retired judge Steven D. Burns. The Attorney Defendants objected to retired Judge Burns' report as a collateral attack on a prior judgment issued by Judge Bowie in the U.S. Bank Lawsuit. The district court received Judge Burns' affidavit and report into evidence over the Attorney Defendants' objection with the caveat that the court would not consider the report in so far as it attacked the prior judgment.

Walker's affidavit established that he was a licensed Nebraska attorney who reviewed select pleadings from 8 different cases in which Mehner had been a party and which were part of the malpractice allegations. Walker generally opined that the Attorney Defendants met the standard of care in connection with their representation and that any alleged breach in the standard of care did not proximately cause damage to Mehner.

In response, Mehner offered the affidavit and report of Judge Burns who opined that the district court's order entered in the U.S. Bank Lawsuit was not a final order because it failed to resolve 2 insurance claims. Because Judge Burns believed that the district court erred in prematurely dismissing the U.S. Bank Lawsuit, he concluded that "it [was] highly likely that the appellate court would have remanded the case to the trial court for further proceedings had the

appeal been properly perfected." He also noted that he was not offering an opinion on the standard of care by any attorney or law firm involved in this matter. During the summary judgment hearing, Mehner sought to designate Pfanstiel as an expert stating that Pfanstiel's deposition testimony was sufficient to rebut Walker's opinion. Pfanstiel's counsel objected indicating Pfanstiel had not agreed to act as an expert on Mehner's behalf and was not qualified to speak on the subject matter. The district court sustained that objection and quashed Mehner's request to tender Pfanstiel as an expert.

### 4. DISTRICT COURT ORDER

Following the summary judgment hearing, the district court dismissed Mehner's complaint with prejudice. Specifically, the court determined that Mehner had failed to present evidence that the Attorney Defendants had neglected a reasonable duty, had failed to provide evidence of damages suffered by Mehner, and that no genuine issue of material fact existed. Mehner has timely appealed to this court.

## III. ASSIGNMENTS OF ERROR

Mehner's assignments of error, renumbered and restated, are that the district court erred in (1) denying his motion to recuse, (2) dismissing Pfanstiel from the lawsuit, and (3) granting the appellees' motion for summary judgment because genuine issues of material facts existed and Neb. Rev. Stat. § 25-1335 (Reissue 2016) operated to preclude summary judgment.

## IV. STANDARD OF REVIEW

In reviewing a summary judgment, an appellate court views the evidence in a light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *Boyle v. Welsh*, 256 Neb. 118, 589 N.W.2d 118 (1999). The question on such review is not how a factual issue is to be decided, but whether any real issue of genuine fact exists. *Id*.

A motion requesting a judge to recuse himself or herself on the ground of bias or prejudice is addressed to the discretion of the judge, and an order overruling such a motion will be affirmed on appeal unless the record establishes bias or prejudice as a matter of law. *Tilson v. Tilson*, 307 Neb. 275, 948 N.W.2d 768 (2020).

## V. ANALYSIS

Before reaching the assignments of error asserted by Mehner, this court must first determine whether it has jurisdiction over this appeal. It is the power and duty of an appellate court to determine whether it has jurisdiction over the matter before it, irrespective of whether the issue is raised by the parties. *TDP Phase One v. The Club at the Yard*, 307 Neb. 795, 950 N.W.2d 640 (2020). A jurisdictional question that does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent of the lower court's decision. *Preserve the Sandhills, LLC v. Cherry County*, 310 Neb. 184, 964 N.W.2d 721 (2021).

Neb. Rev. Stat. § 25-301 (Reissue 2016) provides that, subject to an exception not at issue in this case, "[e]very action shall be prosecuted in the name of the real party in interest . . . ." To

determine whether a party is a real party in interest, the focus of the inquiry is whether that party has standing to sue due to some real interest in the cause of action, or a legal or equitable right, title, or interest in the subject matter of the controversy. *Stevens v. Downing, Alexander*, 269 Neb. 347, 693 N.W.2d 532 (2005). The question of whether a party who commences an action has standing and is therefore the real party in interest is jurisdictional. *Id.*

Standing requires that a litigant have such a personal stake in the outcome of a controversy as to warrant invocation of a court's jurisdiction and justify the exercise of the court's remedial powers on the litigant's behalf. *Hampshire v. Powell*, 10 Neb. App. 148, 626 N.W.2d 620 (2001). To have standing, a litigant must assert the litigant's own rights and interests, and cannot rest a claim on the legal rights or interests of third parties. *Applied Underwriters v. S.E.B. Servs. of New York*, 297 Neb. 246, 898 N.W.2d 366 (2017). The question whether a party who commences an action has standing and is therefore the real party in interest is jurisdictional. *Hampshire v. Powell, supra*.

A party invoking a court's or tribunal's jurisdiction bears the burden of establishing the elements of standing. *Applied Underwriters v. S.E.B. Servs. of New York, supra*. Under the doctrine of standing, a court may decline to determine the merits of a legal claim because the party advancing it is not properly situated to be entitled to its judicial determination. *In re Invol. Dissolution of Wiles Bros.*, 285 Neb. 920, 830 N.W.2d 474 (2013). The focus is on the party, not the claim itself. *Id.* A defect in standing is a defect of subject matter jurisdiction. *Id.*

In the case at bar, Mehner has filed a legal malpractice action alleging the Attorney Defendants provided negligent professional services in connection with the U.S. Bank Lawsuit and the REO Lawsuit. In the U.S. Bank Lawsuit, the U.S. Bank Plaintiffs alleged that U.S. Bank and its assignees wrongfully foreclosed on property owned by the Mehner Family Trust. More specifically, the U.S. Bank Lawsuit complaint alleged that the property which had been wrongfully foreclosed was owned by the Mehner Family Trust, that Raymond was the trustor and trustee of the Mehner Family Trust, and that Mehner was named as a plaintiff in his capacity as the Trust's attorney-in-fact. Notwithstanding the fact that the complaint in the U.S. Bank lawsuit established that the Attorney Defendants represented the U.S. Bank Plaintiffs in that lawsuit in their capacities alleged, Mehner now seeks to bring this legal malpractice action against the Attorney Defendants in his capacity as "the sole surviving beneficiary of the Mehner Family Trust." Likewise, the REO Lawsuit involved an action brought against the REO Defendants seeking restitution of the subject property which REO acquired during foreclosure proceedings and seeking damages for unjust enrichment in connection with wrongful possession by the REO Defendants. Again, despite the fact that the Attorney Defendants represented the REO Defendants in that lawsuit in the capacities alleged, Mehner now seeks to bring a legal malpractice claim in his capacity as the "sole surviving beneficiary of the Mehner Family Trust." The question becomes, did Mehner have standing to bring this malpractice action in his capacity as the "sole surviving beneficiary of the Mehner Family Trust"?

Before analyzing that issue, we first note the discrepancy between the allegations in the U.S. Bank Lawsuit and the current malpractice complaint. In the U.S. Bank Lawsuit, the complaint alleged that the Mehner Family Trust purchased and owned the property, that Raymond was trustor and trustee, that Barbara was successor trustee, that Mehner was an attorney-in-fact for the Trust,

and that Raymond's grandchildren were the beneficiaries of the Trust. In his pro se complaint, Mehner now alleges that he is the sole surviving beneficiary of that same trust without mention of amendments to the trust, the status of the trust, why the trustee did not commence the action, or why Mehner is now attempting to commence the action involving the trust property. Further, we note in the March 2014 complaint filed by the U.S. Bank Plaintiffs in U.S. Bank Lawsuit, they alleged that Raymond was the "Trustor or Trustee of the [Mehner Family Trust] and is the present title holder of the real property that is the subject of the complaint." Again, there is no explanation of what happened to the subject property (or chose in action relating to the property) after the filing of the complaint.

In *Klingelhoefer v. Parker, Grossart*, 20 Neb. App. 825, 834 N.W.2d 249 (2013), this court confronted a similar issue. In *Klingelhoefer*, this court examined whether the plaintiff had standing to bring a malpractice action against the attorneys who represented his mother in connection with the preparation of her estate plan. More specifically, in connection with that representation, the attorneys created a limited liability company to hold certain real property of the plaintiff's mother's estate, and a trust to hold certain personal property of her estate, with the plaintiff being named as a member of the LLC and beneficiary of the trust. The plaintiff later filed the malpractice action against the attorneys in his capacity as a member of the LLC and beneficiary of the trust alleging his mother's attorneys committed malpractice in connection with that plan. In examining the plaintiff's standing to bring that claim, this court stated:

> The Nebraska Supreme Court has treated an attorney malpractice action by a member of a limited liability company identically to an action by a shareholder of a corporation. See *Freedom Fin. Group v. Woolley,* 280 Neb. 825, 792 N.W.2d 134 (2010). As a general rule, a shareholder may not bring an action in his or her own name to recover for wrongs done to the corporation or its property. Such a cause of action is in the corporation and not the shareholders. The right of a shareholder to sue is derivative in nature and normally can be brought only in a representative capacity for the corporation. *Id.*

> If, however, a shareholder can establish an individual cause of action because the harm to the corporation also damaged the shareholder in his or her individual capacity, then the individual can pursue his or her claims. *Id.* In order to establish an individual harm, the shareholder must allege a separate and distinct injury or a special duty owed by the party to the individual shareholder. *Id.* A "special duty" is a duty owed to the shareholder separate and distinct from the duty owed to the entity. See *id.* Even if a shareholder establishes that there was a special duty, he or she may only recover for damages suffered in his or her individual capacity, and not injuries common to other shareholders. *Id.* In the present case, [the plaintiff] does not allege any injury or damages he sustained separate and distinct from the harm allegedly suffered by other nonfarming members of the LLC and beneficiaries of the Trust. In fact, his argument is that [the attorney's] actions benefited the three farming members of the LLC over the nonfarming members and beneficiaries of the Trust, which means his injury is not separate and distinct.

> Having failed to prove a separate and distinct injury, [the plaintiff] must prove [the attorney] owed him a special duty. This duty must be separate and distinct from the duty

owed to the Trust or the LLC. See *Freedom Fin. Group v. Woolley, supra.* [The plaintiff] does not allege any special duty; rather, his claim is that the duty that arose in representing the Trust and the LLC extended to him. No separate duty is claimed. Therefore, we conclude that the trial court did not err in ruling that [the plaintiff] did not have standing to bring this action for injuries he sustained as a member of the LLC or as a beneficiary of the Trust.

*Klingelhoefer v. Parker, Grossart*, 20 Neb. App. at 831-32, 834 N.W.2d at 255-56 (2013).

The U.S. Bank Lawsuit and the REO lawsuit directly involved protection of the Mehner Family Trust's property. As such, as we noted in *Klingelhoefer*, as a general rule, a shareholder or beneficiary cannot bring an action in his or her own name to recover for wrongs done to the corporation or the trust and its shareholders or beneficiaries. And, although exceptions may apply when the trustee refuses to enforce a cause of action involving the trust property (as it relates to a derivative suit), or when there is a separate and distinct harm to an individual shareholder or beneficiary or a special duty owed to them, the nature of those exceptions must be pled in order to demonstrate that the court has jurisdiction to hear the claim.

That pleading standard was clearly articulated by this court in *Hampshire v. Powell*, 10 Neb. App. 148, 626 N.W.2d 620 (2001), wherein we reviewed whether the beneficiary of an estate had standing to bring a claim involving property allegedly diverted from the estate. In reviewing that issue, our court noted that

"where the executor or administrator has been guilty of fraud of collusion with the party to be sued, or, more generally, where the interests of the personal representative are antagonistic to those of the heirs or distributees, the heirs or distributees may maintain actions relating to the [personality] of the estate in their own names. Similarly, when the legal representative has failed or refused to act, the heir may maintain an action to recover assets for the benefit of the estate." [*Beachy v. Becerra*,] 259 Neb. [299,] 304, 609 N.W.2d [648,] 651-52 [(2000)] (quoting 31 Am. Jur. 2d *Executors and Administrators* § 1285 (1989)).

In examining the jurisdictional pleading standard in connection with that rule of law, we ultimately held in *Hampshire v. Powell*:

In the case at hand, we are presented with a situation similar to that in *Beachy.* [The plaintiff] did not allege in her petition any exceptions to the general rule that the personal representative is the proper person to proceed for the recovery of the assets of the estate. The Nebraska Supreme Court has stated: "[O]ne claiming under an exception to a general rule carries the burden of alleging and proving facts which would bring him within such exception." *Harrison State Bank v. First Nat. Bank*, 116 Neb. 456, 462, 218 N.W. 92, 94 (1928). We find no evidence in the transcript or bill of exceptions which shows that either party raised the issue before or at trial. The petition alleges that [the defendant] fraudulently transferred the CD's in his capacity as attorney in fact, but does not allege that he is the personal representative of the decedent's estate, that his interests as personal representative

are antagonistic to those of Hampshire, or that he has failed or refused to act in an action to recover assets for the benefit of the estate.

. . . .

We recognize the rule that "a person nominated in a will as executor is not 'legally competent' to act in that capacity, where his duties would require him to prosecute on behalf of adversary litigants, a suit which he would at the same time defend as an individual." *Moss v. Eaton*, 183 Neb. 71, 74, 157 N.W.2d 883, 886 (1968) (quoting *In re Estate of Blochowitz*, 124 Neb. 110, 245 N.W. 440 (1932)). If the personal representative has a conflict, the proper procedure would be for the interested beneficiary to petition the court for removal of the personal representative pursuant to Neb. Rev. Stat. § 30-2454 (Reissue 1995) or to plead and prove that an exception to the general rule applied.

Under our system of pleading and practice, and the adversarial process, issues to be tried must be formed by pleadings. See *State v. Jacob*, 256 Neb. 492, 591 N.W.2d 541 (1999). The purpose of pleadings is to frame the issues upon which a cause is to be tried, and the issues in a given case will be limited to those which are pled. *Alegent Health Bergan Mercy Med. Ctr. v. Haworth*, 260 Neb. 63, 615 N.W.2d 460 (2000). Because we find that [the plaintiff] neither pleaded nor proved that any of the exceptions to the general rule applied, we therefore hold that she has no standing to bring an action as an individual against the individual who allegedly wronged the decedent. The clear rule is that the personal representative is the proper party to sue to recover assets of the estate or for alleged wrongs done to a decedent.

*Hampshire v. Powell*, 10 Neb. App. at 155-56, 626 N.W.2d at 626-27.

Although Nebraska has since transitioned to the more liberal notice pleading standard, Neb. Ct. R. Pld. § 6-1109(a) provides that, although it is not generally necessary to aver the capacity of a party to sue or be sued, an exception to that rule applies "to the extent required to show the jurisdiction of the court." That exception applies here. Because Mehner, acting in his capacity as beneficiary of the Mehner Family Trust, generally lacks standing to bring a claim involving the property of the Mehner Family Trust, (see § 30-3874 (placing control of trust property with trustee) and § 30-3890 (governing beneficiaries remedies for breach of the trust)), Mehner was required to specifically plead why there would be an exception to that general rule in this instance so as to establish his standing to bring this claim and confer jurisdiction on the court. Counsel for Mehner conceded this point during oral argument.

Moreover, within this record, in addition to the pleadings and orders governing the U.S. Bank Lawsuit and REO Lawsuit, the record contains pleadings and orders governing another malpractice complaint initiated by Mehner, acting pro se, against most of the same Attorney Defendants in Douglas County Court. In that action, Mehner alleged legal malpractice in connection with service provided by most of the same Attorney Defendants in connection with a lawsuit filed by them against U.S. Bank in federal court. (U.S. Bank Federal Lawsuit). In that county court legal malpractice action, Mehner claimed he was the assignee of the Plaintiffs' malpractice claim and brought the claim to recover sanctions issued by the federal court against the Plaintiffs who brought the action. In that malpractice claim, the county court entered an order

dismissing the action finding no written evidence of the alleged assignment of the claims, and that, even if the Plaintiffs' claim had been assigned to Mehner, he could not bring an action, pro se, on behalf of the Mehner Family Trust and others because doing so would constitute the unauthorized practice of law by a non-attorney in violation of Neb. Rev. Stat. § 7-101 (Reissue 2012). That claim was dismissed by the county court in June 2019.

Mehner, again acting pro se, filed the current claim alleging that he was bringing the claim in his individual capacity as the sole beneficiary of the Mehner Family Trust. Mehner had an obligation to plead and then prove that he had standing to bring that claim. Not only does his alleged status as sole beneficiary of the Mehner Family Trust appear to contradict the allegations contained in the complaint in the U.S. Bank Lawsuit, it fails to explain the status of the subject property interest which once resided in the Mehner Family Trust and, apparently, later in Raymond, and it failed to establish where that property interest currently resides, and failed to establish why Mehner would have standing to assert the malpractice claim as an individual beneficiary now.

Having failed to plead the basis upon which Mehner had the capacity to bring this legal malpractice claim on behalf of the U.S. Bank Lawsuit Plaintffs and REO Defendants, we hold that Mehner did not have standing to assert these claims and that the district court lacked jurisdiction over this action. An appellate court has the power to determine whether it lacks jurisdiction over an appeal because the lower court lacked jurisdiction to enter the order; to vacate a void order; and, if necessary, to remand the cause with appropriate directions. *Evert v. Srb*, 308 Neb. 895, 957 N.W.2d 475 (2021). In the instant case, because the district court lacked jurisdiction over the instant case, its order must be vacated.

## VI. CONCLUSION

Because we find that the district court lacked jurisdiction over this action, we vacate the district court's order and dismiss this appeal for lack of jurisdiction.

VACATED AND DISMISSED.

ARTERBURN, Judge, participating on briefs.

- 11 -